WILLIAM B. GREENE, Appellant, *v.* JOHN B. GREENE et al., Respondents.

A trust estate will never be implied where it would render a will illegal and void.

To the constitution of every express trust there are three elements, a trustee, an estate devised to him, and a beneficiary; the trustee and the beneficiary must be distinct personalities; the legal estate of the trustee and the beneficial interest cannot exist or be maintained separately in the same person, and a merger of the interests in one individual effects a legal estate in him of the same duration as the beneficial interest.

W., by his will, after certain specific devises, gave all his residuary estate to his sons J., H. and S., "as trustees to carry out the provisions of this * * * will and to execute the trusts hereinafter specified;" after directing the trustees to pay certain pecuniary legacies, he constituted two trust funds for the lives of his wife and sister. The testator then directed that "said trustees shall take and hold" the estate and "the whole thereof" for six years from and after his decease; and, that after payment of the legacies and taxes, the property "shall be managed for the joint benefit" of his said three sons; they were empowered to sell, with certain exceptions, all the realty, but any partition or division thereof was prohibited for six years. At the expiration of that period the will provided that so much of the residuary estate as remained after payment of debts and legacies, should belong to the trustees. Then followed a clause termed an "explanatory and qualifying" one, which, after reciting that a partition of the estate "as at present situated", would be detrimental, and that the personalty would nearly suffice to pay the legacies, authorized the trustees, in case of an exigency, to mortgage the real estate to pay said legacies. In an action for partition of lands, part of the residuary estate, brought by another son of the testator, *held*, that the general devise in trust was applicable to the trust created for the testator's wife and sister, which was valid, and this vested the trustees with the requisite legal estate; that the remaining trust sought to be created was invalid; that the attempted limitations upon the free ownership of the property, *i. e.*, the inhibition against a partition or division for six years, and the restriction upon the power of alienation were also void; that the devise vested in the three sons upon the death of the testator an estate in fee, subject to the payment of the legacies, etc. (1 R. S. 728, § 47); and that, therefore, plaintiff had no interest in the lands sought to be partitioned.

Reported below, 54 Hun, 93.

(Argued January 16, 1891; decided February 24, 1891.)

APPEAL from judgment of the General Term of the Supreme·
Court in the fifth judicial department, entered upon an order·
made October 1, 1889, which affirmed a judgment in favor of
defendants entered upon a decision of the court on trial at
Special Term.

The nature of the action and the facts, so far as material,.
are stated in the opinion.

*Thomas M. Tyng* for appellant. What came to these three·
sons at their father's death, and by the fifteenth clause of
his will, were future estates. (*Haynes* v. *Sherman,* 117 N. Y.
432, 433 ; 1 R. S. 722, §§ 7, 8, 9, 10, 11, 13, 14, 15 ; *Smith* v.
*Edwards,* 8 N. Y. 92 ; *Hansom* v. *Graham,* 6 Ves, 239 ;.
*Watson* v. *Haynes,* 5 M. & C. 125 ; *Adams.* v. *Perry,* 43 N.
Y. 487 ; 1 R. S. 727, §§ 47, 48 ; *Bailey* v. *Bailey,* 97 N. Y.
460 ; *Ward* v. *Ward,* 105 id. 68 ; *Vanderpoel* v. *Loew,* 112·
id. 167 ; *Van Cott* v. *Prentice,* 105 id. 45.) These future
estates were dependent upon a precedent estate for six years
in the testamentary trustees, and, therefore, void. (1 R. S. 728·
§§ 48, 55, 60, 63 ; *Brewster* v. *Striker,* 2 N. Y. 19 ; *Von
Nostrand* v. *Moore,* 52 id. 12, 19 ; *Vernon* v. *Vernon,* 53 id.
351 ; *Morse* v. *Morse,* 85 id. 53, 60 ; *Haynes* v. *Sherman,*.
117 id. 433 ; *Amory* v. *Lord,* 9 id. 403, 411 ; *Cottman* v.
*Grace,* 112 id. 299 ; *Post* v. *Hover,* 33 id. 593 ; *Benedict* v..
*Webb,* 98 id. 460.)

*Sherman S. Rogers* for respondents. The absolute title to·
the estate not specifically devised, vested at the moment of the
testator's death in the three younger sons, subject only to the
payment of the debts and legacies. (*Roome* v. *Phillips,* 24
N. Y. 463, 468 ; *De Kay* v. *Irving,* 5 Den. 646 ; 1 Jarman
on Wills, 851 ; 2 Redf. on Wills [2d ed.], 232 ; *Oxley* v. *Lane,*.
35 N. Y. 340 ; *Lovett* v. *Gillender,* id. 617, 620 ; *Everett* v.
*Everett,* 29 id. 79, 80 ; *Post* v. *Post,* 47 Barb. 89 ; *Moore* v.
*Lyons,* 25 Wend. 118 ; *Goebil* v. *Wolf,* 113 id. 405 ; *Masterson*
v. *Townshend,* 34 N. Y. S: R. 104.) No trust was created as to
the real estate which is the subject of this action. (*Cook* v. *Platt,*.
98 N. Y. 35 ; *Embury* v. *Sheldon,* 68 id. 227 ; *Stephenson* v. *Les-*

*ley,* 70 id. 512, 516 ; *Post* v. *Horan,* 33 id. 601 ; 1 R. S. 727, 729,
§§ 47, 58.) If a trust was in fact created in this property to
receive the rents, issues and profits, and apply the same for
the benefit of the three younger sons during the six years fol-
lowing the death of the testator the trust was divisible, and
upon the decease of each beneficiary his share became released
therefrom. (*Hillyer* v. *Van De Water,* 121 N. Y. 681;
*Goebel* v. *Wolf,* 113 id. 305.)

GRAY, J. Upon this appeal we are asked to pronounce
invalid that disposition by the testator of his residuary estate
which was made in favor of three of his sons; the plaintiff,
another son, being excluded from any share thereof. As an
heir, he brings this action for the partition of the decedent's
real property, under section 1537 of the Code of Civil Pro-
cedure, and he attacks the devise to his brothers, as being void
for offending against the statute of perpetuities.

After specific devises of realty the testator, in the fifth clause
of his will, gave all his residuary estate " unto my three sons,
viz. : John B. Greene, Harry B. Greene and Samuel B. Greene
as trustees to carry out the provisions of this  *  *  *  will
and execute the trusts hereinafter specified." In the following
eight clauses he directed them to pay certain pecuniary legacies
and he constituted two trust funds for the lives of his wife and
a sister. The plaintiff received a pecuniary legacy. In the
fourteenth clause testator directed that his " said trustees shall
take and hold my said property and estate and the whole
thereof  *  *  *  for the period of six years from and after
my decease ; the estate being chargeable with the payment of
the foregoing bequests and legacies, and it being, as I now
believe, with moneyed securities on hand  *  *  *  amply
sufficient to pay said legacies in full, together with the taxes
*  *  *  on my real property, so that at the expiration of
said period the residue of said real estate  *  *  *  should
remain unincumbered and intact. After the payment of said
legacies, the said property and estate shall be managed for the
joint benefit of my said three sons  *  *  *  who shall annu-

ally render to each other a just and full statement of the rents, issues and profits and all transactions relating to said property and estate." Then follow two provisions, one empowering the trustees to sell all the realty, except certain specific pieces, on certain conditions, and the other enjoining against any partition or division of the estate, devised in trust to his sons, until the expiration of six years, under penalty of forfeiture of the interest of the son offending. Then follows this (the fifteenth) clause: " XV. — At the expiration of said period of six years the rest and residue of my said estate, real and personal, remaining after the payment of said legacies and debts, shall belong to my said three sons, John B. Greene, Harry B. Greene and Samuel B. Greene, share and share alike, their heirs and assigns forever."

· The last clause in his will is termed by testator as " explanatory and qualifying." He says a partition of the estate " as at present situated" would be detrimental to his three sons, and that the personalty would nearly suffice to pay the legacies, but in case of an exigency he authorizes them "to mortgage the real estate" for that purpose.

The difficulty which this will creates in the work of construction exemplifies the value of the rule which is controlling upon the courts in the interpretation of wills; that the intention of the testator, if discoverable and lawful, shall prevail and be effectuated. In this will the language is involved; clauses are in seeming conflict and some provisions are illegal. But, notwithstanding the confusion and conflict of language, a purpose is evident from a consideration of the whole testament, and that is that the three sons, who are constituted executors and trustees, are to have the whole of the testator's estate which shall remain after the payment of legacies, etc. The idea is prominent that the personalty will suffice for every testamentary provision requiring the use of moneys by the executors. The restriction upon a partition between the sons is, plainly, based upon the desire that the real estate shall be left to improve in value, and that its income shall meet any deficiencies in the application of the personalty to the payment of

legacies, etc. Of the legality of such a restriction we shall speak hereafter. We shall first see if and how this will, in its residuary scheme, may be upheld.

By the fifth clause the testator, in terms, gives the residue of his estate to his three sons as trustees " to execute the trusts thereafter specified." Without the aid of this language we should have no difficulty in holding that that clause conferred a legal estate upon the trustees named, wherever a valid express trust was created. That principle was expressly declared in *Manice* v. *Manice* (43 N. Y. 303), where there was a general devise of the residuary estate to the executors, in trust for the uses and purposes set forth in the will. It was there considered that such a general devise in trust vested the legal estate in the trustees for such legal purposes as required it to be vested in them, and in other respects it would be inoperative. So, in this case, the general devise in trust may apply to the valid trusts created for the testator's wife and sister, and will vest the trustees with the requisite legal estate. What then is in the remaining trust which the testator has attempted to create? Substantially, the trustees were to hold and manage the residue of the estate for six years, for the joint benefit of themselves, as the three sons, and, at the expiration of that period of time, it was given to them in equal shares absolutely. Such a trust would be wholly invalid, if for no other reason, because it would be for a period not measured by lives. But there is a fundamental objection to our construing this provision as a trust. To the constitution of every express trust there are essential these elements, namely, a trustee, an estate devised to him, and a beneficiary. The trustee and the beneficiary must be distinct personalities, or, otherwise, there could be no trust, and the merger of interests in the same person would effect a legal estate in him, of the same duration as the beneficial interest designed. (2 R. S. 727, §§ 47, 55; *Woodward* v. *James*, 115 N. Y. 346.) That the legal and beneficial estates can exist and be maintained separately in the same person is an inconceivable proposition. It is quite as much of an impossibility,

legally considered, as it is physically. These three sons would have the actual possession of the lands; they would be entitled to receive and retain and enjoy the rents and profits, and they and their heirs would be subjected to no change of title or possession, nor other diminution of interest than what might be produced by an application of income, or of any proceeds of sales, to the payment of legacies. The result is that they have every estate and interest in possession, in remainder and in reversion, or, in other words, the whole fee of the property. It was the design of the legislature, in the revision of the Statute of Uses, to abolish technical and useless distinctions between the title and the use, and to convert the estate of a beneficiary into a legal estate, commensurate with the beneficial interest intended, whenever the trust was of a passive or formal character, and the actual possession and fruits of possession were the beneficiary's. Under section 47 of the article upon uses and trusts, if a person by virtue of a devise shall be entitled to the actual possession of lands and the receipt of the rents and profits thereof, in law or in equity, he shall be deemed to have a legal estate of the same quality and duration, and subject to the same conditions as his beneficial interest. This article would distinctly operate upon the devise, which this testator made in favor of his three sons, to vest in them, from the time of his death, a legal estate in fee in the lands, and the only conditions, subject to which the devisees would take, would be that the land might be resorted to for the payment of legacies, etc.

As executors, they would administer upon the personalty in the payment of debts and legacies, and in the establishment of the trust funds directed. If the personalty proved insufficient they were to sell or mortgage the realty to complete that much of the testator's plan of distribution of his estate. Whether such a sale or mortgage would be made under the power conferred by the will, or whether it would be by contribution of the devisees is, obviously, quite a profitless discussion. The fact was that the real estate was charged with the payment of debts and bequests in the hands of the devisees,

and they were personally bound for the payment. (*Brown* v. *Knapp*, 79 N. Y. 136.)

It is in no wise necessary, and there are no conditions which demand that we should construe an express trust out of the residuary devise for the three sons. The doctrine established by the cases is that a trust estate will never be implied, where it would render a will illegal and void. If we were to hold this devise to be an express trust we should be doing a work which would result in overthrowing the whole testamentary scheme, for the accomplishment of no useful purpose, and not demanded by any legal principle.

If it is urged that the inhibition against a partition, or a division of the estate, for a period of six years, and the restriction upon the power of alienation are provisions which, for their illegality, affect the will. The answer is that, as invalid limitations upon the free ownership of the property devised, they are void and may be disregarded. (*Henderson* v. *Henderson*, 113 N. Y. 1, 15; *Harrison* v. *Harrison*, 36 id. 543.)

The present case illustrates the peculiar character of cases involving the construction of wills. Each case must be determined upon its own particular facts and features, and former precedents are rarely availing in the office of construction. The supreme importance of giving effect to the last will of the decedent requires the court to search out his intention and to validate his scheme, unless to do so would contravene the statute. The endeavor is to find a way of upholding the will, not of breaking it down; and thus in every case the inherent purpose, if lawful, should be effectuated through what legal channels of construction may be open. We should not make a new will for the testator, and we need not strain to support his testamentary plan, if the object is unworthy, or commands our just condemnation.

The complaint was properly dismissed by the trial court, and the judgment of the General Term, affirming the judgment of dismissal, should be affirmed by us, with costs.

All concur.

Judgment affirmed.