JOHN F. MONTIGNANI, as Administrator, etc., Respondent, *v.* MARY Y. STAATS BLADE and Others, Appellants, Impleaded with WILLIAM STAATS and Others, Respondents.

74 297<br>145a 111

*Trust — a limitation to expire at the end of or within two lives in being is valid — a trust for a definite period of time is void — intent — failure to name a trustee — all of a clause to be given effect — what creates a trust — " bequeath " applied to real property.*

A testator bequeathed to his son certain shares of stock to be held in trust by his executors for ten years after his decease, then to be delivered and transferred to his son, and in case his son should be dead the same was continued to the testator's grandson. It was provided that the dividends thereon should be collected by the executors until the transfer thereof to the testator's son if living, or, if dead, to his grandson, and, in case both were dead before the expiration of the ten years, the testator directed the transfer and delivery of such shares of stock to two specified persons, share and share alike, and in case one of such persons was dead, her portion was to go to the survivor, and if both were dead the stock was to be given to the testator's two daughters-in-law or their respective heirs, share and share alike.

*Held,* that such clause did not extend the period of the suspension of alienation beyond the lives of the testator's son and grandson;

That if both lives ceased before the expiration of ten years the trust terminated;

That at the expiration of the ten years, if the testator's son was alive, the estate vested in him, if he was dead it vested in the testator's grandson, in case he was alive;

That the limitations over after the death of the testator's son and grandson within ten years were not too remote to enable the persons named to take in the order of their survivorship, as designated in the will. That on the happening of such event, the title would devolve on the person entitled to take *eo instanter.*

*Semble,* that a trust estate, limited only by a definite period of time and not dependent upon the expiration of two lives in being, is within the prohibition of the statute and absolutely void.

In construing a will a court is not at liberty to violate the plain language of a statute and well-authenticated and authoritative adjudications in order to uphold the intention of the testator.

If a valid trust be created by will, it will not fail for want of a trustee, as one will be appointed by the court.

A court must give effect to all the parts of a clause in a will, and is not at liberty to expunge that part in which the testator attempts to create a trust.

Where a testator named his executors as trustees, gave them an estate for seven years, and named the final beneficiaries, it cannot be said that he failed to create a trust, although the trust created was void.

Where it is clear that the word " bequeath " was used in a will as applying to both real and personal property, and without regard to its technical signification, the manifest intention of the testator will be given effect.

APPEAL by the defendants, Mary Y. Staats Blade, Willa F. C. Staats, Harriet Staats, Bella F. Staats and Bernardus E. Staats, from various parts of a judgment of the Supreme Court, entered in the office of the clerk of the county of Albany on the 15th day of May, 1893, upon a decision of the court rendered at the Albany Circuit, in an action brought for the construction of the will of Bernardus E. Staats.

This action was brought by the administrator with the will annexed of Bernardus E. Staats for a judicial construction of his will, and the direction of the court as to the administration and disposition of the estate devised and bequeathed therein, and this appeal is from a judgment entered in such action.

*Allen McDonald* and *Eugene D. Flanigan,* for Bernardus E. Staats and others, appellants.

*George H. Stevens,* for Mary Y. Staats Blade, appellant.

*Robert G. Scherer,* for Willa F. C. Staats, appellant.

*William S. Elmendorf* and *Geo. H. Mallory,* for the plaintiff, respondent.

MAYHAM, P. J.:

This action was tried by the learned judge principally upon agreed facts stipulated by the counsel for the respective parties, and the main contention on this appeal arises out of the determination of the trial court upon the second, third, fourth and fifth disposing clauses of the testator's will.

If that determination is correct, then there is little or no difficulty in the administrator's administering the estate under the will and the law, as laid down by the learned trial judge.

Each of these disposing clauses, except the fifth, suspended the alienation of the property in them devised and bequeathed for a period of years, not depending upon the continuance of two lives in being, and each assumed to create a trust to continue during the period of such suspension.

The trial judge held that such suspension was illegal, and that the property so sought to be devised and bequeathed was not by said clauses in the will disposed of by it, and that the same lapsed and reverted to and became a part of the estate of the deceased.

It is insisted by the counsel for the appellant Bernardus E. Staats that the bequest to him in the second disposing clause of the will, of the stock in the "Wells, Fargo Co. Express," is not subject to the objection that it is subject to an illegal trust created in the will, and that the vesting or alienation of the same is not by that clause suspended for more than two lives in being. That clause reads as follows : " I hereby bequeath and give to my son Bernardus E. Staats all my shares of stock in Wells, Fargo Company Express, to be held in trust by my executors ten years from and after my decease, then to be delivered and transferred to him, if deceased, do and continue the same to his son William, now in his eighth year of age. The dividends shall be collected, when and as declared, by my executors, until transferred and delivered, and paid to my son; or, if deceased, to his son William ; if both are deceased before the ten years have expired, then transfer and deliver the said shares to my daughters, Lydia Anna Staats and Mary Yates Staats, each share and portion equal. If either daughter is deceased, her portion shall be transferred and delivered to the remaining daughter. If both are deceased, then this bequest shall be given to my daughter-in-law, wife of my son John H. Staats, or their heirs, and my daughter-in-law, Harriet Staats, or her heirs, each share and portion equal."

This language, though somewhat inartificial and obscure, does not extend the period of the suspension of alienation beyond the lives of testator's son, Bernardus E. Staats, and grandson, William. If both of these lives end before the limitation of the ten years fixed for the

vesting in one of them " have expired, then transfer and deliver said shares to my daughters Lydia Anna Staats and Mary Yates Staats, each share and portion equal." The clause then provides for the vesting, at that time, of this stock if both of the persons first named are dead.

There can be little doubt but that this clause limits the suspension to the time of the death of Bernardus and his son William, if both die before the expiration of the ten years.

It will be observed that this disposing clause is independent of any other, and its execution does not impair any other rights under the will except as it may diminish the residuum of the testator's estate. Was this provision of the will an illegal suspension of the power of alienation or an illegal accumulation of the income of the stock ? In *Phelps, Ex'r,* v. *Pond* (23 N. Y. 69) it was held that : " A testator, without violating any law, may not only suspend the abso· lute ownership of his estate during the continuation of any two lives in being at his death, but may dispose of the income annually as it accrues during this period of suspension. He may also give vested legacies and provide for their payment at future periods." The court also held in that case that " it is no violation, therefore, of the statute against accumulations for a testator, after rendering his estate inalienable for two lives, to give pecuniary legacies payable at future periods in such a manner as to show that he intended that they should be paid exclusively from income as it should accrue, leaving the *corpus* of the estate to pass unimpaired to the residuary legatees."

In *Schemerhorn* v. *Cotting* (131 N. Y. 58) PECKHAM, J., in discussing a question similar to the one raised by this clause, uses this language : " A limitation of a trust estate for an arbitrary period of time, such as fifty years, is valid, provided a termination at an earlier period is called for by the expiration of two lives in being at the creation of the trust. If provision be made for such termination, the income of the estate may, in the meantime, be divided among any number of successive lives."

Applying the principle of these decisions to the provisions of the second disposing clause in the will under consideration, it cannot be held void for an alleged suspension of the vesting of this stock or of the suspension of the power of alienation. We must, therefore, hold that the conclusion of the learned judge upon this disposing

clause in the will was erroneous, and the clause must, therefore, be upheld as a valid disposition of these stocks.

According to our construction of the clause the trust estate terminates with the death of the two lives in being at the time of the creation of the estate if they die within the ten years.

If they, or either of them, are still living at the end of the ten years, then the estate vests in Bernardus, if alive; if dead, then in William, if alive, and if both die within the ten years, then immediately on the happening of that event, it vests in such of the other persons as may be, under the will, entitled to it, even though the ten years' limit has not expired. This construction we believe to be in harmony with the intention of the testator, and not in violation of any rule of law.

Nor do we believe that the limitations over after the death of Bernardus and his son within ten years too remote to enable the persons named to take in the order of their survivorship as designated in the will.

On the happening of such event the title would devolve on the person entitled to take *eo instanter*.

We think the third disposing clause comes clearly within the prohibition of the statute, as it is limited only by a definite period of time not dependent upon the expiration of two lives in being, and is within the provisions of the statute absolutely void. As to this clause we are urged by the learned counsel for the beneficiaries to follow what is claimed to be the manifest intention of the testator, and uphold the bequest.

But we are not at liberty to violate the plain language of the statute, and the well-authenticated and authoritative adjudications in order to uphold the intention of the testator.

In *Underwood* v. *Curtis* (127 N. Y. 523) it is held that a provision by which the possession of personal property, and the legal estate therein, is vested in a trustee during the continuance of the trust, the absolute ownership of such property is suspended and the validity of the trust, the duration of such suspension, must be limited to two lives in being and not to a term of years however short. (*Smith* v. *Edwards*, 23 Hun, 223.)

As to the fourth disposing clause in said will the learned counsel for Mary Y. Staats, now Mary Y. Staats Blade, insists that the

devise of the real estate therein made is absolute, and that no trust is created as to the same.

The language of that provision is as follows : " I hereby bequeath to my daughter Mary Yates Staats the house and lot No. 52 Elm street, now occupied by myself; also all the furniture and housekeeping articles and utensils therein, for her own occupancy and use, to be held in trust by my executors seven years from and after my decease. I also bequeath to said daughter all my shares of stock in the New York Central & Hudson River Railroad Company; the dividends, when declared, shall be collected by my executors and paid to said daughter. At the expiration of the seven years the foregoing bequests shall be transferred and delivered to said Mary Yates Staats, as and when so requested by her and practicable. If this daughter is deceased before the expiration of the seven years these bequests shall be delivered to or disposed of as my daughter Lydia Anna Staats and my son John H. Staats shall request and direct; the proceeds shall be paid to my daughter Lydia Anna Staats, and my daughter-in-law Willa F. C. Staats, and my daughter-in-law Harriet Staats, each share and portion alike as near as can be done and satisfactory to all concerned."

By this provision it is contended that no valid trust was created as to the real estate. The testator named in his will two persons as executors, and while it appears that the persons named did not qualify, it is also true that if a valid trust was created it would not fail for want of a trustee, as the court would appoint one. We must, therefore, look at the provision under consideration, to ascertain whether a trust was created.

The language is : " I hereby bequeath to my daughter Mary Yates Staats the house No. 52 Elm street, now occupied by myself ; also all the furniture and housekeeping articles and utensils therein for her own occupancy and use, to be held in trust by my executors seven years from and after my decease."

It is quite clear that but for the concluding paragraph of the above-quoted provisions of the clause this daughter would have taken a fee in this real estate. But the court, in attempting to give effect to this provision, must read and give effect to all of its parts, and is not at liberty to expunge that part in which the testator attempts to create a trust.

If he has failed in that attempt we may give effect to the balance of the provisions of the clause. But has he failed? He names his executors as trustees. He gives them an estate for seven years and names the final beneficiaries. This is all that is required to create a trust. (*Greene* v. *Greene*, 125 N. Y. 510.)

In that case, however, it was held that no trust was created for the reason that the legal and trust estate were sought to be given to the same persons, and that the legal estate dominated and merged the trust estate, and no trust was, therefore, created. But in the case at bar the trustees and beneficiaries are not identical, and the estate is sought to be suspended for seven years, and at the end of that period was to vest in Mary, if living, and if not, in some other person. Clearly, by the provisions of that clause, the power of alienation was suspended for seven years.

Suppose we assume that it was not, and that Mary was vested with the title on the death of the testator, and that, acting upon that assumption, she during the seven years should assume to alien or mortgage this real estate, and should die before the expiration of the seven years; if this clause is upheld, would not Lydia Anna Staats be in a position to claim a devolution of this property to her, and thus defeat the conveyance made by Mary? We see no aspect of this provision of the will in which we can hold that there is not an illegal suspension of the power of alienation, and of the vesting of the estate, real and personal, sought to be devised and bequeathed by this clause in the will, and we must concur with the trial judge' in holding it void.

It is quite clear that the word bequeath, as used in this clause, as applied to both real and personal property, is used without regard to its technical signification, but that could not defeat the manifest intention of the testator, had there been no illegal suspension of vesting or alienation of the property sought to be passed under the will.

We have carefully read the case and examined the very elaborate brief furnished by the respondent, and those presented by all of the appellants, and fully concur in all the conclusions of fact and law of the learned trial judge, except as to the second disposing clause in the will of testator.

The decree should be reversed so far as it declares the bequest

in that provision void, and in all other respects affirmed, with costs out of the estate to the appellant Bernardus E. Staats, and as to all the other parties the appeals should be dismissed and the decree affirmed, without costs to either party as against the other.

HERRICK and PUTNAM, JJ., concurred.

Decree reversed, so far as it declares the bequest in the second clause of the will void, in all other respects affirmed, with costs to be paid by the estate to the appellant Bernardus E. Staats, as to all other parties the appeals dismissed and decree affirmed, without costs.