UNION TRUST CO. OF NEW YORK v. OWEN et al.

(Supreme Court, Appellate Division, First Department. December 5, 1902.)

1. CONTRACTS—CONSTRUCTION.

    An agreement as to the distribution of an estate being subject to two constructions, one making it valid, and the other invalid, as suspending the power of alienation, the former will be adopted.

Appeal from special term, New York county.

Action by the Union Trust Company of New York, executor, against John Owen and others. From an order denying a motion to amend a judgment, defendants Owen and others appeal. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

James M. Gifford, for appellants.
Hoffman Miller, for respondent Union Trust Co.
Charles Maitland Beattie, for respondent New York Press Club.

PER CURIAM. We are of the opinion the order appealed from should be affirmed. When the agreement is read and considered as a whole, it is clear that the parties to it intended that there should be a distribution of the fund referred to, at and immediately following the death of Mrs. Garvey, and the income on this fund, which was directed to be paid to the Owens, was only to be paid during her life. This construction not only gives effect to the provision of the agreement which directs a distribution upon Mrs. Garvey's death, but it also makes the agreement a legal one; while the construction contended for by the appellants would make it illegal, inasmuch as it unlawfully suspends the power of alienation. This must have been so held by the referee, otherwise he would not have reached the conclusion that the agreement was a valid one. The general rule is that where an instrument is subject to two constructions, one of which would make it valid, and the other invalid, the court will adopt the former in preference to the latter. Post v. Hover, 33 N. Y. 593; Greene v. Greene, 125 N. Y. 512, 26 N. E. 739, 21 Am. St. Rep. 743; Locke v. Trust Co., 140 N. Y. 149, 35 N. E. 578; Roe v. Vingut, 117 N. Y. 204, 22 N. E. 933.

The order appealed from is affirmed, with $10 costs and disbursements.

¶ 1. See Contracts, vol. 11, Cent. Dig. § 734.