HOFFMAN HOUSE, NEW YORK, v. FOOTE. (Supreme Court, Appellate Division, First Department. June 5, 1908.) Action by Hoffman House, New York, as trustee, against Elizur V. Foote, as executor of Edward S. Stokes, deceased. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed. Arthur

C. Rounds, for appellant. David McClure, for respondent.

PER CURIAM. Judgment and order affirmed, with costs.

McLAUGHLIN, J. (dissenting). At the first trial, upon the opening of plaintiff's counsel, the complaint was dismissed, upon the ground that the facts stated did not constitute a cause of action. The question presented on the appeal from the judgment then entered had to be determined from the complaint and such opening, and it was held that the two, taken together, stated a cause of action, and the judgment was reversed, and a new trial ordered. Hoffman House, New York, v. Foote, 172 N. Y. 348, 65 N. E. 169. That decision is not decisive of the questions presented on the present appeal, inasmuch as the record is different from what it then was. The judgment here appealed from was entered upon the verdict of a jury after trial, and the record contains the evidence which was offered by the respective parties. The first appeal had to be determined from what the plaintiff asserted it could prove, while here it must be determined from what it did prove. Upon the uncontradicted facts I do not think the plaintiff was entitled to recover, and for that reason a verdict should have been directed for the defendant. The $35,000 bond in question was not executed by the Hoffman House, New York, or by James D. Leary or Daniel J. Leary, in reliance upon the pledge of the Mackay judgment. The bond was dated, executed, and acknowledged May 26, 1894, while the assignment of the Mackay judgment was not made until March 18, 1895, and the plaintiff failed to prove that either the Hoffman House, New York, or the Learys were the sureties on this bond for Stokes. The evidence is to the contrary. The plaintiff itself was the purchaser of the Hoffman House property at the foreclosure sale, and became liable in its individual capacity for the purchase price, and when, as principal, it executed the $35,000 bond in favor of the referee on the foreclosure sale, that bond was given to secure its own existing liability to pay to him the balance of the purchase price. Stokes did not bid in the property, and he was under no liability to pay to the referee the amount bid, or any sum whatever. When, therefore, the Learys became sureties on this bond, they became sureties for the principal debtor; that is, the Hoffman House, New York, the plaintiff in this action.

The plaintiff could not be a trustee for itself. Greene v. Greene, 125 N. Y. 506, 26 N. E. 739, 21 Am. St. Rep. 743. Nor could it, without an express declaration of trust, be a trustee of a fund for the protection of its sureties. There can be no such thing as a trust of personal property, either express or implied, unless there be existing at the same time a trustee, a fund or other property, and a designated beneficiary. Brown v. Spohr, 180 N. Y. 201, 73 N. E. 14. Here a recovery is solely for the benefit of the plaintiff. Neither the creditors in whose favor the $35,000 bond was given, nor the sureties upon that bond, have or had any equitable interest in the fund. The case is one of indemnity, and nothing else, and the controlling fact is that the indemnity the plaintiff received origi-

nally from Stokes it received, not from the principal debtor, or from one who was liable upon the debt, but from a stranger to the obligation, whose property was pledged to indemnify the plaintiff alone, and was not subject in equity to any claim on behalf of the creditor or the plaintiff's sureties. It seems to me, therefore, that the plaintiff wholly failed to show that it had a right to maintain this action. Not only this, but the Hoffman House, New York, being the principal debtor in the $35,000 bond, any liability of Stokes to it was discharged and settled by the resolution of September 25, 1897. This resolution was passed with the consent of all parties in interest, and as a part of the consideration for which Stokes sold his interest in the Hoffman House. The liability of Stokes to the principal in the bond having been discharged, the sureties, by operation of law, were released.

I am also of the opinion that the court erred in permitting the witness Daniel J. Leary, a stockholder of the plaintiff and a party in interest, to testify against defendant's objection to a personal transaction with the defendant's testator. The objection was taken to this testimony on the ground that the witness was not competent under section 829 of the Code of Civil Procedure, and I think should have been sustained.

For these reasons I am unable to concur with the majority of the court, and think the judgment should be reversed, and a new trial ordered.

INGRAHAM, J., concurs.