WARREN C. SIMONDS, Plaintiff, *v.* ADDA B. ROWE et al., Defendants.

(Supreme Court, Washington Special Term, January, 1920.)

Partition — wills — trusts — imperative power of sale — equitable conversion — real property — easements.

> A power of sale of testator's real estate, whether imperative or required by the general scheme of the will, effects a conversion of the realty into personalty.
>
> A testator whose will evidenced an intention to bestow all his property on his wife and son, gave his bottling works

business, the real estate, equipment and all of the assets of
the business, and the capital invested therein, etc., to them
in trust to carry on the business during the life of the widow
and for such period of time as they might deem advisable,
the net income to be equally divided between them. It was pro-
vided that should the son and widow desire to close out the
business one-half of the proceeds of a sale thereof under a
power of sale conferred upon them by the will should go to
the son and the other half to be held in trust and the net
income paid to the widow during her life with the privilege
to her of using any part of the principal necessary for her
maintenance and support and so much of the proceeds of sale
as remained at her death was given to the son. In the event
of the leasing of the bottling works plant and the real estate
connected therewith the net income was to be equally divided
between them during the life of the widow and in the event
of her death before the business, real estate and all connected
therewith should be sold or disposed of, the same should go
to the son, to whom was given all the rest and remainder of
testator's estate including the bottling works plant, subject
to the uses and purposes thereof, and the imperative power of
sale vested in the son and widow, during the life of the latter.
The will made no provision for collateral relatives and not
contemplating that the son might die before his mother no
provision was made against such happening. About twenty
days after the discontinuance of the business and within two
years after the death of the testator the son died intestate and
unmarried, survived by his grandmother and an aunt on his
mother's side and by an uncle and aunt and first and second
cousins on his father's side. His mother had predeceased him
and his father had married his first wife's sister, who had
survived him. In an action for partition of all the real estate
of which the son died seized, brought by the uncle, the only
dispute was as to the real estate connected with the bottling
works. *Held,* that the power of sale in the widow and son
was imperative and that said real estate could not be sold
in the present action, neither the plaintiff nor any of the
collateral relatives of the son on his father's side having any
interest in said property.

The provision in regard to the leasing of the entire bottling
works plant and its real estate, while consistent with the
thought that the son and widow might lease the business as a

going concern, was inconsistent with the direction to sell as soon as the business was discontinued.

The first trust attempted to be created for the sole purpose of carrying on the bottling works business expired when the business was discontinued and was void because the same persons were both trustees and beneficiaries, and the case was therefore to be considered as if such trust had never been attempted.

The second trust which was to be one-half of the proceeds of the sale of the bottling works property would come into existence only after the power of sale, which was not a part of either trust, had been exercised; the real estate itself would not be a part of the corpus of said trust.

Two of the parcels of land described in the complaint, having been devised absolutely to the testator's son, plaintiff was entitled to judgment accordingly.

That the transfer tax has not been paid does not require the dismissal of an action for the partition of real estate.

The owner of an easement is not a necessary party to an action for partition, unless it is intended to attack the validity of the easement.

ACTION for partition.

S. E. Everts, for plaintiff.

J. B. McCormick (Erskine C. Rogers, of counsel), for defendant Anna V. Simonds.

Clarence E. Parker, for guardian *ad litem,* and others.

VAN KIRK, J. This is an action brought to partition real estate owned by Harold F. Simonds at the time of his death. Harold was survived by his grandmother and an aunt on his mother's side, and by an uncle and aunt and first and second cousins on his father's side. The plaintiff here is the uncle. Four parcels of land

are described in the complaint. The home place or residence, with all its contents, is given to the widow for life, together with a home for the son with the widow, and it is provided that the widow and son should pay all the taxes, insurance and repairs on the premises. This piece has by consent been withdrawn from the action and no partition is sought. The two parcels on Prospect and Water streets were given absolutely to the son. The fact that he was required to pay one-half of the insurance, taxes and repairs on the residence properties creates no lien upon these two pieces. The fourth parcel is the bottling works real estate. The only dispute in the action is as to the title to this fourth piece. It came to Harold under the will of Oatman S. Simonds, his father. The dispute involves the construction of the fourth, fifth, sixth, seventh and eighth clauses of the father's will; and the real question is whether there has been an equitable conversion of the real property.

Oatman S. Simonds died December 19, 1916. He left a will, which has been duly probated, in which he named his son Harold and his wife as his executors and trustees. Harold, his only son, died intestate and unmarried October 14, 1918. Harold's mother had died earlier and Oatman S. Simonds had married his first wife's sister, who had survived him. By the fourth clause of his will Oatman S. Simonds gave the entire bottling works business, the real estate, equipment and all of the assets of the business, "the capital invested therein, together with my automobile, horses, wagons and all the chattels connected therewith," as he was carrying the business on, to the son and widow in trust to carry on "the business during the natural life of my said wife, or for such period of time as they deem advisable and can agree upon," "along the lines that the same has been conducted by me," the net

income and profits, after paying operating expenses, to be divided equally between the son and widow. By the fifth clause the business and capital then invested must carry on and maintain the business. If it cannot so be carried on without additional capital, it will not be for the interest of his wife and son to carry it on. By clause sixth he provides, if the son and wife shall desire to close out the business for reasons which they deem sufficient and advisable, or if they cannot agree in operating it, " then I authorize, empower and direct my said executors and trustees to sell and dispose of the said business, real estate connected therewith, plant, assets and property of every name and nature, and execute and deliver good and sufficient deeds of conveyance therefor;" one-half of the proceeds of such sale goes to his son and one-half is to be held in trust by his trustees and the net income paid to the wife during life, with the privilege to her of using any part of the principal necessary for her maintenance and support; so much of such proceeds as remain at the death of the wife goes to the son Harold. In subdivision C of clause sixth of his will, he provides that, " in the event the said bottling works plant and real estate connected therewith should be leased or rented during the lifetime of my said wife, then the net rent, income and profit " shall be equally divided between his wife and son " during the term of her natural life." By the seventh clause he provides that, in the event of the death of his wife before the business, real estate, plant, property and assets connected therewith shall be sold or disposed of, then the same shall go to his son. And, in the eighth clause he gives all the rest, residue and remainder of his property to his son Harold Simonds, including the real property and plant connected with the bottling works, subject to the uses and purposes thereof and the power of sale herein-

before given to my said executors and trustees during the lifetime of my said wife.

The wife and son did discontinue the business on or about September 24, 1918. Immediately the son and widow began negotiating for a sale of the personal property. They had discussed the disposition of the rest of the property, including a lease of the real property. It does not appear that they had then consulted any attorney, and it probably had not yet been brought to their attention that they were required to sell this property. Twenty days after the discontinuance of the business, the son died, leaving the bottling works property unsold. There had been no unreasonable delay on the part of the executors in making the sale provided for in the will.

The purpose of the testator was to bestow all his property on his wife and son; he carefully provided for his wife during her life and gave all that remained of his property at her death to his son, without provision for any collateral relatives. He did not attempt to control his property further. He did not contemplate that the son might die first and made no provision against such happening. Two of the pieces of land, not of considerable value, he gave absolutely to his son. He provided a home for the wife and son in the residence with all of its furnishings. He provided an income and support for both from the bottling works business and property. To this end he made two distinct provisions: *First,* he had the bottling works business, which he thought valuable; this he hoped would support his wife and son. He desired that it be continued as long as profitable. So he gave the business and all the property, real and personal, used in connection with it, in trust to his wife and son to carry on the business, and probably thought it might be wise to lease this business and property. He

makes no distinct provision for a lease. When, because not profitable, or for some other cause, the wife and son should discontinue the business, he probably realized that the property itself could furnish but small income, and he therefore provided that, upon a discontinuance of the business, all the property, real and personal, connected with the business, should be sold. With this sale this first provision for income and support to his wife and son ceased to be operative. *Second,* this property being sold, he makes the second provision for income and support to his wife and son, which immediately became operative.

There were then two separate trusts created, or attempted to be created. The first trust was for the sole purpose of carrying on the bottling works business, and this expired by its own terms as soon as the business was discontinued. This was apparently a void trust because the trustees and beneficiaries were the same persons. *Greene* v. *Greene,* 125 N. Y. 509. Under the statute (Real Prop. Law, § 92) under such circumstances the legal estate of the trustees and the beneficial interest merge and result in a legal estate in the beneficiary " of the same quality and duration, and subject to the same conditions, as his beneficial interest." *Greene* v. *Greene, supra.* The beneficial interest ceased when the business was " closed out." Whatever estate by merger therefore went to the widow and son in this bottling works property expired with the termination of the business (*Weeks* v. *Frankel,* 197 N. Y. 304, 311), and this occurred before the matter was brought to the attention of the court. Therefore this case is to be considered as if such trust had never been attempted. The second trust would come into existence after the power of sale had been exercised and not otherwise. The *corpus* of this trust was to be entirely personal property, namely: one-half of the proceeds of the sale of the bottling works property. The

real estate itself would not be a part of the *corpus* of this trust. Since the death of Harold it seems that this second trust will be void like the first. If so, Mrs. Simonds will take a legal estate under the statute. *Greene* v. *Greene, supra; Woodward* v. *James,* 115 N. Y. 346; Real Prop. Law, § 92. The power of sale is not a part of either trust; it became operative after the first trust had expired and must have been completed before the second trust would have life.

Whether or not partition of this real estate may be had in this action depends upon whether or not the power of sale in the will operated to convert the realty into personalty. This question is to be determined by the intention of the testator as disclosed by the provisions of his will and by the circumstances. The intention of the testator, if discoverable and lawful, shall prevail and be effectuated. *Greene* v. *Greene,* 125 N. Y. 509. Where a direction to sell is imperative, or the general scheme of the will requires a conversion, though the power is not imperative, the power of sale effects a conversion. *Hobson* v. *Hale,* 95 N. Y. 588, 607. Otherwise the land will pass as such. 13 C. J. 864; *Parker* v. *Linden,* 113 N. Y. 28, 37; *Chamberlain* v. *Taylor,* 105 id. 185. In *Greene* v. *Greene, supra,* 512, Judge Gray said: " The present case illustrates the peculiar character of cases involving the construction of wills. Each case must be determined upon its own particular facts and features, and former precedents are rarely availing in the office of construction. The supreme importance of giving effect to the last will of the decedent requires the court to search out his intention and to validate his scheme, unless to do so would contravene the statute. The endeavor is to find a way of upholding the will, not of breaking it down; and thus in every case the inherent purpose, if lawful, should be effectuated through what

legal channels of construction may be open. We should not make a new will for the testator, and we need not strain to support his testamentary plan, if the object is unworthy, or commands our just condemnation.''

The power of sale is a valid power, and we construe it to be an imperative direction to sell the property. *March* v. *March,* 186 N. Y. 99, 101, 104; *Lent* v. *Howard,* 89 id. 169; *Hope* v. *Brewer,* 136 id. 126, 134. The language used by the testator is appropriate for an imperative direction to sell and not for a privilege or option. No conditions are attached. If the business is '' closed out,'' the whole bottling works property is to be sold. Nor do I find anything in the will inconsistent with the intent that the direction to sell should be imperative. The suggestion of a lease does not impress me as being a substitute for, or the alternative of, a sale. The leasing mentioned is of the entire '' bottling works plant and the real estate connected therewith,'' as one property, and is consistent with the thought that the son and wife might lease the business as a going concern, while it is inconsistent with the direction to sell as soon as the business was discontinued. The residuary clause of the will is not inconsistent with this construction. If the bottling business had not been discontinued, at the time of the death of his wife, then the direction to sell never would have become operative and he naturally desired to dispose of the residue of his estate, including the bottling works property.

The general scheme of the will likewise requires a sale.

There are no provisions beneficial to the wife from the bottling works property, save two:

(1) Before sale is had she has one-half the net proceeds of the going business.

(2) After the sale is had she is to receive the income of one-half the proceeds of the sale (entirely personal property) with the right to use the principal, if necessary.

This requires that the sale directed should be had, else the purpose and scheme of the testator cannot be realized. This case is thus sharply distinguished from that in *Parker* v. *Linden,* 113 N. Y. 28, cited by plaintiff. The result intended could not be accomplished by a sale of this real estate in this action. By so holding we in effect would be making a new will for the testator.

Thus both the expressed intention of the testator and the general scheme of the will require a sale of the bottling works property and a conversion of the real estate. This holding is not in contravention of any statute. I find no reason why the purpose and intent of the testator should not be effectuated.

I am aware that this disposition of the case causes the proceeds of the bottling works real estate to pass as personalty and thus to go to the next of kin of Harold Simonds, namely: to his maternal grandmother, rather than to blood relatives of his father. What the testator's intention would be under the unexpected circumstance that his son died before his widow, he has not expressed, and we cannot assume to speak for him. But we may make effectual his expressed intention. Since the son died intestate, his personal property is disposed of by statute, not by the determination in this case.

Plaintiff in this action and the collateral relatives of Harold on his father's side have no interest in the bottling works real property and it cannot be sold in this partition action.

The plaintiff urges that, even though the power of sale is mandatory, all of the parties interested have

elected to disregard it. It is well settled that parties beneficially interested, provided they are competent and of full age, and the gift is immediate and not in trust, can elect before the conversion has actually taken place to take the land; and, when they have so elected and the election has been made known, the power of the trustee for conversion ceases and he cannot thereafter lawfully exercise it. *Mellen* v. *Mellen,* 139 N. Y. 220; *Hetzel* v. *Barber,* 69 id. 1; *Prentice* v. *Janssen,* 79 id. 478. In *Mellen* v. *Mellen,* the court approves the statement that the expression or acts declaratory of such intention, though slight, must be unequivocal. The parties interested include the widow. In paragraph fourteenth of her answer, she says that she intends to exercise the power of sale and to use the proceeds as directed in the will. This is a declaration on her part of an intention to accomplish the conversion. The fact that she claims dower interest in the real estate is no more than a mistake of law. When the power of sale is exercised, the widow would abandon necessarily any claim to her dower interest in this real estate. Although there is no express language providing that the bequest to the widow shall be in lieu of dower, yet, where there is a manifest incompatibility between that provision and dower, it is held that she cannot take both, and is put to her election between them. *Asche* v. *Asche,* 113 N. Y. 235. It was for the widow to consider whether or not it would be for her best interest to elect that this property should remain real estate, thus securing her dower interest; or insist upon the provisions of the will, which in the opinion of the court would insure her one-half of the proceeds of the real estate, equipment and personal property connected with the business, if her needs require it. The widow has not elected to take the land.

The plaintiff is entitled to judgment for partition of

the Prospect and Water street properties and each takes the share therein as set forth in the complaint.

The transfer tax has not been assessed or paid. This does not require a dismissal of the action. The tax is upon the right of succession; upon the transfer. *Matter of Penfold,* 216 N. Y. 163. It is not a tax upon the transfer of the entire estate, but, if there are several legatees, upon each separate devise or bequest, and the tax on each bequest or devise is a lien upon that bequest or devise. Tax Law, § 224. But a tax upon a devise is not a lien upon another devise or upon a bequest, though the two go to the same person. The plaintiff here may prosecute his action. In order to give a good title, however, at the sale, he must (1) secure an appraisal of the estate and pay the tax, or provision must be made in the judgment directing the referee to pay it; or (2) procure from the officer charged with the collection of the tax a consent or release of the property pending the appraisal. *Smith* v. *Browning,* 225 N. Y. 358, 367.

The owner of an easement is not a necessary party to a partition action, unless it is intended to attack the validity of the easement. The pleadings in this case indicate no such intent and it is not necessary to bring in other parties.

Ordered accordingly.