GUARANTY TRUST COMPANY OF NEW YORK, EXECUTOR OF THE LAST WILL AND TESTAMENT OF EDWIN H. BROWN, DECEASED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 72199. Promulgated April 4, 1934.

*William O. Robertson, Esq.*, for the petitioner.
*Owen W. Swecker, Esq.*, for the respondent.

### OPINION.

MORRIS: This proceeding is for the redetermination of a deficiency in income tax of $492.32 for the year 1931. It is alleged that

the respondent erred in the following particulars: (1) In the disallowance of a deduction of $7,682.45 representing expenditures for taxes, insurance, and miscellaneous items on real estate, and (2) in the elimination from income of the sum of $4,006.93 representing income from rents of said realty, such adjustments having been made by him upon the alleged ground that the real estate with respect to which the expenditures were made and the income received was devised by the decedent in equal shares to his wife and two children, and therefore the expenses therefor are deductible by and the income thereon is taxable to the devisees under the will.

The decedent died on January 3, 1930, and the petitioner, a trust company, organized and existing under the laws of the State of New York, is his duly appointed executor under his last will and testament.

After providing for specific legacies aggregating $1,550,000, articles eighth and ninth of such will provide:

EIGHTH: Inasmuch as a large part of my estate consists of mortgages upon real estate guaranteed by title insurance corporations, I direct that such guaranteed mortgages shall be divided equally among my said wife and my said two sons as far as practicable, and as to the remainder of my estate, both real and personal, and also as to said guaranteed mortgages if advisable for any reason, I hereby give and grant unto my executor hereinafter named full power and authority in its discretion to lease, mortgage, sell and convey the same separately at different times, and to execute and deliver all leases, mortgages, deeds and conveyances, bills of sale, grants and other instruments suitable or proper for transferring good, sufficient and valid titles thereto.

NINTH: The entire residue of my estate I give, devise and bequeath to my wife, Adeline R. Brown, and my two sons, Caxton Brown and Stanley Brown, in equal parts.

On October 13, 1931, the legatees elected to take the estate in kind at the values to be fixed for inheritance tax purposes and subsequently thereto all except reserves for taxes and administration expenses were distributed. In or about the fall of 1931, following the election of the legatees to take distribution of the assets of the estate in kind, a corporation was caused to be organized under the laws of the State of New York, to which was conveyed substantially all of the realty owned by the decedent at the time of his death. That conveyance was made by the legatees themselves and there was obtained from the executor a writing to the effect that any legacies which were charged upon the realty had been paid and the executor had no interest whatever therein. Since that time the realty has been administered under a corporate name. Prior to the making of the election by the legatees the executor sold at least one piece of property owned by the decedent. In another case the legatees sold a parcel of property, but the purchasers required a quitclaim deed from the executor reciting that the executor claimed no

part of the realty described in the deed to be used for the payment of legacies.

The executor expended $7,682.45 in 1931 for taxes, insurance, and miscellaneous items upon the real estate held by it and it received rent of $4,006.93 from leases upon such real estate in that year. Since the election of the legatees to take the properties in kind was made, no payments of realty taxes or insurance, etc., have been made by the executor upon such real estate.

The respondent's deficiency notice, in eliminating those items from his determination, says:

The taxes and insurance claimed on the estate return in the amount of $7,682.45, representing expenditures made by the estate with respect to real estate devised by the testator in equal shares to his wife and two children, have been disallowed for the reason that all expenses in connection with such equity are only deductible by the devisees. Accordingly, the rents reported from this property in the amount of $4,006.93 have been eliminated from income.

The net inventory value of the estate, exclusive of realty, was $1,470,000 and the realty had a value of approximately $370,000.

The petitioner contends that where the language of the instrument blends personalty with realty and the personalty is insufficient to pay the specific legacies, they become a charge against the realty to the extent of the deficiency in amount; that there became in this case a " blending and combining of the real and personal estate in one devise," hence, in effect, it contends, there was no vesting of the estate in the realty upon death, to the heirs, consequently the expenses paid here as charges against the realty and the income therefrom were properly accounted for by it as executor.

The respondent cities *George L. Craig*, 7 B.T.A. 504, involving a similar state of facts. In that case we held that under the laws of Pennsylvania the executors under a will have no right to the rents and profits arising from realty of a decedent unless such right be conferred by the will itself and that the rents were taxable to the devisees under the will.

The petitioner concedes that in the ordinary case realty descends to the heirs at law and not to the executors of the estate. We infer that this concession applies also to the State of New York—but it distinguishes the *George L. Craig* case upon the facts, from the instant case, because (1) that case arises under the laws of a different state, Pennsylvania—but it does not show what difference there is in the laws of the two states, if there be any, or where such difference would produce a different result here—and (2) in that case the personalty was ample to satisfy all of the demands to be made thereupon, the executors' only interest in the realty there being in the exercise of a power of reinvesting conferred by the will.

The principle upon which the Craig case rested was that under the laws of Pennsylvania realty descends, without lapse of time, to the lawful heirs or devisees and, therefore, all of the rents, issues, and profits accruing thereto are likewise the property of such heirs or devisees. We find in book 13, paragraph 14, of McKinney's Consolidated Laws of New York Annotated that " Every will that shall be made by a testator, in express terms, of all his real estate, or in any other terms denoting his intent to devise all his real property, shall be construed to pass all the real estate, which he was entitled to devise, at the time of his death "; and in section 2672, paragraph 9 of Chase's Pocket Code Civil Procedure, New York, it is said, " Things annexed to the freehold or to a building, shall not go to the executor, but shall descend with the freehold to the heirs or devisees * * *. The right of an heir to any property, not enumerated in this section, which by the common law would descend to him, is not impaired by the general terms of this section." Those provisions were cited and quoted by the respondent's counsel at the hearing. The petitioner's counsel cites no modifications of those provisions by later enactments, and though we have made careful search we have found none. See also *Greene* v. *Greene*, 26 N.E. 739.

Thus, although no stress has been laid upon this phase of his contention, we are satisfied that the petitioner's first distinction between the instant case and the *Craig* case is without merit. As a matter of fact the petitioner's argument hinges upon his second distinction, to which we shall now address ourselves.

In the *Craig* case, after citing section 219 of the Revenue Act of 1918, which is, for all practical purposes, identical with that of section 161 of the Revenue Act of 1928, the Board said:

* * * It is at once apparent that the income, referred to in the statute as the income of an estate, is income which belongs to the estate and which it is the right and duty of the personal representative to collect. If in this case the income from the real estate did not belong to the executors as such, then it was no more the income of the estate of Joseph W. Craig than if the executors had reached out and brought into the estate their own personal income or the income of any third person. * * *

*    *    *    *    *    *    *

It is to be observed that the testator did not devise his real estate to his executors but devised it directly to the petitioners. The only provision in his will which gives his executors any power or right whatever with respect to his real estate, is the fifth clause thereof. That clause conferred on the executors a naked power of sale for the purposes of the will and for reinvestment. In this connection it is well to recall that the real estate of the testator was never in danger of sale for the payment of debts. After the payment of all debts and liabilities, the executors distributed among the residuary legatees, $1,831,646.73. Another pertinent fact is that all the testator's debts were paid and his estate relieved of all its contingent liabilities prior to September 23, 1914. Thus, there was no necessity for any sale by the executors for the payment of debts and there were no debts after September, 1914. Nor is it neces-

sary to consider what would have been the result if the executors had sold the real estate for the purpose of reinvestment. It does not appear that they exercised this power. * * *

In this case as in the *Craig* case the will gave the executor no title to the realty. The executor here was clothed with power to sell the realty as in that case, but in a much more restricted sense.

Conceding, *arguendo*, that the personalty, at the then market values, was insufficient to satisfy the specific pecuniary legacies, and, furthermore, that the payment thereof was a proper charge against the realty to the extent of any deficiency found to exist, the fact remains, so far as we are informed, that the rights of the lawful heirs to the realty were never seriously threatened, which we deduce, partly from the known fact that the same parties who were to receive the specific legacies (all but $50,000 thereof) were not only the heirs at law but were the residuary legatees and devisees under the will and as such entitled to take the realty, and partly from the fact that the problem of satisfying the proper distribution of the estate was solved by distribution of the estate in kind, all of which transpired long prior to the necessity for preparing and filing an income tax return by the estate for that year. Of course at least one and possibly two pieces of realty were sold prior to the exercise of the election by the legatees in October 1930, but there is no showing that such sales were for the purpose of satisfying the specific legacies.

The executor knew when it filed its return for the taxable year that the matter of satisfying the pecuniary legacies was settled; therefore, it should not be permitted to take advantage of a situation which may have but did not in fact arise to alter the status of taxable income and deductible expenses for that year.

It is our opinion that the realty here in question vested in the devisees upon the death of the decedent; that the income accruing therefrom became their income; that all of the expenses incurred in connection therewith were in their behalf, for tax purposes; and that the respondent correctly excluded such income from the return of the estate and also correctly disallowed the deduction of expenses incurred in connection therewith.

*Judgment will be entered for the respondent.*