Millabd L. Midontck, S.
In this construction proceeding, petitioner, who is the surviving spouse and sole executor, also named sole trustee and sole life beneficiary, requests a determination of the validity of the trust provision in article Second of his wife’s will, which bequeathed the entire estate, consisting of securities, to the trustee, in trust, with direction to pay the entire net income to the trustee husband during his life. Immediately following that mandate is this text: “(b) With the right to invade and to use any part or parts of the principal of said TRUST FUND, for his sole use and benefit and in his sole discretion without being accountable to anyone therefore ” [sic].
Article Third of the will declares that the trust is to end upon her husband’s death and the residuary estate is bequeathed in article Fourth to the two sisters of the testatrix, or their issue.
The law of New York in respect of a trust where the income beneficiary is also sole trustee, is not in accord with the general trend of authority. (See Practice Commentary, McKinney’s Cons. Laws of N. Y., Book 58A, § 1502 [1973 Supp.]; 2 Scott, *412 Trusts [3d ed.], § 99.3; Restatement, Trusts 2d, § 99, Comment on Subd. [5].)
The New York rule, restated and applied in Matter of Reed v. Browne (295 N. Y. 184,189) is as follows: “ Every valid trust must have a trustee who is not the sole beneficiary * * * So, when the first [cotrustee — coincome beneficiary] died, the [other cotrustee — coincome beneficiary] had thenceforth not the kind of beneficial trust interest which is made inalienable by section 15 of the Personal Property Law, but a fully assignable legal life estate in the property # * * [T]he first daughter’s death did much more than create a vacancy [in the ■ office of trustee]. It ended a trust relationship and substituted a life tenancy ”.
In the cited ease, it appears that although the remainder was bequeathed to a class, there was only a single member of the class living and no practical possibility of increase. The court said that the surviving beneficiary ‘ did turn that interest over to her nephew ” (Matter of Reed v. Browne, supra, p. 189), but the statement of facts indicates that she “ renounced ” her interest in the income, which would pass it on to the owner of the next eventual estate, the sole remainderman. Thus, although the opinion spoke in terms of a trust that was not “valid”, the decision was not inconsistent with the principle that the merger of legal and beneficial titles results only in a legal estate of the same duration as the beneficial interest (Greene v. Greene, 125 N. Y. 506; Rose v. Hatch, 125 N. Y. 427; Matter of Phipps, 2 N Y 2d 105). The decision recognized the rights of the remainderman.
The Court of Appeals in Matter of Phipps (supra, pp. 108-109) cautioned that the “ doctrine of merger is not to be applied ‘ with rigidity ’ # * * and, where it appears to have been the intention of the settlor or testator, perhaps for the protection of the remaindermen, that the trust continue or that a successor trustee be appointed, the courts Will act to prevent the extinguishment and termination of the trust. ’ ’ This is a hopeful sign that the loose expressions of invalidity are not to be taken literally and that the plainly declared purposes of the testator will not be frustrated by technicalities too subtle for laymen, and even for professional draftsmen. In the case before us, had the right to invade been based on a more limited standard, this court may have been warranted in considering appointment of a second trustee to vindicate the observance of that standard. Avoidance of such an appointment brings the advantage of saving expense of trustee’s commissions to the estate.
*413 "What petitioner here asks is that this court decree that no valid trust is created by article Second, that petitioner (1) be relieved of the necessity of formally setting up a trust and (2) be permitted to take the entire estate outright. "While there is precedent for dispensing with the formality of setting up a trust which immediately becomes a life estate because of merger, there is no justification for making such a decree as to give the holder of the life estate the entire estate outright. True, the New York cases hold that there is a merger of the legal title of trustee and the beneficial title of the income beneficiary, with the result that the trustee beneficiary will be possessed of a legal life estate. The legal title of the trustee beneficiary, however, is only of the same duration as the beneficial interest, and it does not destroy or impair the rights or interests of remainder-men, although it may weaken the protections afforded to a beneficiary who is not a sole trustee for himself.
The New York position has been called unsound and backward-looking by legal scholars (2 Scott, Trusts, § 99.3; Practice Commentary, McKinney’s Cons. Laws of N. Y., Book 58A, § 1502 [1973 Supp.]). It defeats some of the practical purposes which a testator may have in creating less permissive trusts, such as: to prevent the life beneficiary from assigning the trust income or to protect it from his creditors. In view of the merger effected here, the possibility arises of terminating the possessory and future vested estates, by joint action of all interested.
According to the better view, and one that is held by the majority of States, the circumstance that the sole income beneficiary is also the sole trustee does not defeat the existence and continuance of the trust. These States give effect to the settlor’s intention that the entire interest (income and corpus) should be subject to the trust in the same way as though the trustee and the beneficiary were not identical.
This will does give a broad power of invasion to the trustee, but the power, authority and discretion are, in terms, bestowed upon the trustee in his fiduciary capacity and not upon the court. A trustee must act within the limits of the authority given to him and with due regard to all rights and interests. So, too, a legal life tenant with power to consume corpus for his own use and benefit must likewise act within the limits even of the broad power granted. This is a proceeding to construe the will, not to settle the account. The power to use principal is plain and unambiguous. The court cannot say that the trust limitation is invalid and that the petitioner takes the entire estate outright. *414 When the decree construing this provision is entered, the petitioner beneficiary ipso facto becomes entitled to the life estate by virtue of an order directing the payment of the residuary estate to petitioner as legal life tenant, dispensing with the mere ritual of being appointed trustee. (Matter of Robinson, N. Y. L. J., Dec. 19, 1969, p. 14, col. 6; Matter of Greif, N. Y. L. J., Nov. 2, 1970, p. 20, col. 6.) An informal authority for avoiding ritualistic letters of trusteeship is to be found in the following passage from the Mikado: “ When your Majesty says,1 Let a thing be done, ’ it’s as good as done — practically, it is done — because your Majesty’s will is law. Your Majesty says, ‘ Kill a gentleman,’ and a gentleman is told off to be killed. Consequently, that gentleman is as good as dead — practically, he is dead — and if he is dead, why not say so?” (Gilbert and Sullivan Plays, Modern Lib. Ed., p. 399.) He will, by virtue of this decree and his willingness to qualify as trustee, be endowed with a legal life estate with power to use principal “ for his sole use and benefit ” as stated in the will. Any principal not used for his benefit or remaining in his possession at his death will vest in the remaindermen.