LAURA N. SMITH, Appellant, *v.* EDWARD W. BROWNING, Respondent.

*Tax Law — transfer tax is a lien upon appraised value of each interest bequeathed, not upon gross amount of several bequests to any one individual — devise of real estate not subject to lien for transfer tax upon bequest of personal property to devisee.*

1. Under section 224 of the Tax Law (Cons. Laws, ch. 60) the basis of the transfer tax is not upon the gross amount of several bequests to one individual, but rather upon the appraised value of the separate interests into which the estate is divided, and the lien imposed is limited to such separate interest.

2. Plaintiff and defendant entered into a contract for a sale and purchase of real estate, the plaintiff to convey and defendant to acquire said premises free and clear of all liens or charges except an outstanding mortgage thereon. On the due day defendant refused to accept the deed of said premises tendered by the plaintiff upon the sole ground that plaintiff's title was unmarketable by reason of the

fact ·that the transfer tax upon plaintiff's interest in her deceased husband's estate had not then been computed and paid and that said tax was an existing lien thereon. Plaintiff thereafter brought this action to ·compel a specific performance of the contract. *Held,* that the transfer tax was not a lien on the specific property contracted for, but that owing to the delay of plaintiff in obtaining an appraisal of the estate and in view of the fact that she did not avail herself of the practice of obtaining a consent and release of the property in question pending the appraisal, the defendant had no means of ascertaining how much or how little tax was chargeable on the premises. He was entitled to receive a marketable title free from any transfer tax and was not required under the terms of his contract with plaintiff to speculate with reference thereto. In the exercise of reasonable care plaintiff could have given a marketable title to the premises on the due day. Her failure in that respect cannot be attributed ·to defendant; hence she cannot enforce specific performance against him.

*Smith* v. *Browning*, 171 App. Div. 278, affirmed.

(Argued December 3, 1918; decided January 21, 1919.)

APPEAL from a judgment entered March 22, 1916, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term and directing a dismissal of the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*John Thomas Smith* and *Frank A. Gaynor* for appellant. The trial court was right in deciding that the premises were not subject to a lien for the transfer tax on the other devises and legacies. (*Matter of Swift,* 137 N. Y. 77; *Matter of Penfold,* 216 N. Y. 163; *Brown* v. *Lawrence Park Realty Co.,* 133 App. Div. 753; Ross on Inheritance Taxation, 4, § 4; 278, § 217; *Matter of Title Guarantee & Trust Co.,* 159 App. Div. 803; 212 N. Y. 51; *Matter of Alexander,* 172 App. Div. 895; McElroy on Transfer Tax Law [2d ed.], 43; *Matter of Will of Vassar,* 127 N. Y.

1; *Matter of Enton*, 113 N. Y. 174; *Matter of Kimberly*, 29 App. Div. 470; *McLaughlin* v. *Miller*, 124 N. Y. 510; *Winne* v. *Reynolds*, 6 Paige, 407.)

*Thomas G. Prioleau* for respondent. The tax on the property bequeathed and devised to the plaintiff by the will of her deceased husband was a lien upon all of the property so transferred and was payable therefrom; the title, therefore, tendered by the plaintiff, at the time set for the closing, was unmarketable and not in accordance with the terms of the contract. (*Matter of Cummings*, 142 App. Div. 377; *Matter of Penfold*, 216 N. Y. 163.) The defendant, by the terms of his contract, was entitled to a marketable title, free from reasonable doubt. (*C. P. Assn.* v. *Gouraud*, 224 N. Y. 343; *Brokaw* v. *Duffy*, 165 N. Y. 391; *Acme Realty Co.* v. *Schinasi*, 215 N. Y. 495.)

HOGAN, J. On January 4th, 1914, the last will and testament of one George J. Smith was admitted to probate by the surrogate of Ulster county. The plaintiff is the widow of George J. Smith and under the terms of the will was named as beneficiary in three several paragraphs thereof (1) a legacy of two hundred thousand dollars; (2) certain real estate known as No. 43 West Seventy-second street, New York city, also real estate including contents of house thereon situated in Ulster county; (3) a life interest in the residuary estate.

April 15th, 1914, plaintiff and defendant entered into a contract for a sale and purchase of the real estate located on West Seventy-second street in the city of New York, the plaintiff to convey and defendant to acquire said premises on May 2d, 1914, thereafter extended to May 13th, 1914, free and clear of all liens or charges except an outstanding mortgage thereon.

On May 13th, 1914, the due day, defendant refused

to accept the deed of said premises tendered by the plaintiff upon the sole ground that plaintiff's title was unmarketable by reason of the fact that the transfer tax upon plaintiff's interest in her deceased husband's estate had not then been computed and paid, and that said tax was an existing lien thereon. Plaintiff thereafter and on or about July 23d, 1914, brought this action to compel a specific performance of the contract. The justice at Special Term found as matter of fact that after the commencement of this action, but before the trial thereof, the estate of George J. Smith was duly appraised and the collateral inheritance tax upon plaintiff's interest therein paid in full; that proceedings for an appraisal were commenced on June 4th, 1914, and the tax paid February 12th, 1915. That subsequent to May 13th, 1914, when title was rejected by defendant, in the appraisal proceeding, the premises No. 43 West Seventy-second street, New York, were held to be of nominal value and formed no basis for the computation of said tax, and as conclusion of law that plaintiff on May 13th, 1914, was seized of a good and marketable title to said premises, able and willing to perform and carry out the contract and tendered due performance thereof. That the premises were at no time subject to the lien of any collateral inheritance tax upon the estate of George J. Smith or upon the interest of plaintiff in said estate; that the inheritance tax upon the property other than the premises on West Seventy-second street received by plaintiff under the will representing actual value of upwards of $220,000, did not constitute a lien upon the premises on West Seventy-second street and awarded judgment in favor of the plaintiff.

The Appellate Division reversed certain enumerated findings of fact and all conclusions of law made by the trial justice, made new conclusions of law in substance as follows: That on May 13th, 1914, the due day,

plaintiff was not seized of a good and marketable title to the premises on West Seventy-second street in that the transfer tax upon the estate devised to her of which said property was a part had not been fixed or paid. That at said time the premises were subject to a lien of the inheritance tax upon that portion of the estate to which she was entitled under the will of her husband. That the collateral inheritance tax upon the property other than the premises on West Seventy-second street received by plaintiff under the will of her husband representing actual value of upwards of $220,000 constituted a lien upon the said premises on West Seventy-second street. That the fact that said tax had not been computed or paid on May 13th, 1914, rendered the title unmarketable and was a sufficient excuse by defendant to refuse to take title, and thereupon reversed the judgment of the Special Term, dismissed the complaint and directed judgment in favor of defendant for $250 deposit on contract, $124 expended on examination of title, total $374, and costs.

Section 224 of the Tax Law (Cons. Laws, ch. 60), so far as material to the question presented upon this appeal, is as follows:

" Every such tax shall be and remain a lien upon the property transferred until paid and the person to whom the property is so transferred, and the executors   *   *   * of every estate so transferred shall be personally liable for such tax until its payment.   *   *   *   Any such executor   *   *   * having in charge   *   *   * any legacy   *   *   * subject to such tax shall deduct the tax therefrom and shall pay over the same to the state comptroller or county treasurer, as herein provided.   If such legacy or property be not in money, he shall collect the tax thereon upon the appraised value thereof from the person entitled thereto.   He shall not deliver or be compelled to deliver any specific legacy or property

subject to tax under this article to any person until he shall have collected the tax thereon   *   *   *."

In seeking an interpretation of the section above quoted, the phraseology of which is somewhat obscure, we may consider the nature and object of the statute imposing a tax, the statute as it existed prior to the enactment of section 224, as it reads at the present time, and to what we believe to have been the purpose of the legislature in an enactment of the same. As has been frequently adjudicated, the transfer tax is not a tax upon property but upon the right of succession to property. The tax imposed is one in the nature of a special tax affecting a special class; therefore, all doubt as to construction of any provision of the statute must be resolved in favor of the person chargeable with payment of the tax.

The purpose of the statute, which at the time of the enactment of the same was an innovation in the laws relating to taxation in this state, was to provide revenue for the state. The first statute providing for a transfer tax was enacted in 1885 (Chapter 483). The substance of several provisions of the present section 224, material to be considered in this case, was embodied in the original law, viz., the personal liability of the executor for the tax (section 1); the tax on an income from a trust estate was made a lien thereon until paid (section 2); the provisions requiring the executor to deduct the tax from any legacies, or if the legacy be not in money to collect the tax thereon from the legatee entitled thereto, and as to the delivery of any specific legacy or property to a legatee until he shall have paid the tax thereon, were included in the statute.

That the enactment of the original Transfer Tax Law resulted in numerous and prolonged litigations is a matter of common knowledge. The constitutionality of the law was questioned upon several grounds. Various

provisions of the law were subjects of interpretation by the courts. Of necessity the collection of taxes under the statute was long postponed and the state deprived of revenue under the statute in expectation of which appropriations of moneys for state purposes had been made by the legislature. Obviously the legislature by reason of the enumerated, as well as other, causes which might readily be suggested, deemed it essential that adequate provision to insure collection of the transfer tax and safeguard the interests of the state against loss by reason of delay without the imposition of unjust or unreasonable hardships upon the individual responsible for the payments of the tax should be enacted. The statute of 1885 had been amended between the time of its enactment and the year 1892, and the legislature in the latter year codified the statutes and together with certain additional amendments enacted chapter 399 of the laws of that year. By section 5 of that statute the provisions of the act of 1885, to which attention has been called, were continued. By section 3 of the law the substance of the first sentence of the present section 224 was enacted, viz.: " Every such tax shall be and remain a lien upon the property transferred until paid and the person to whom the property is so transferred * * * shall be personally liable for such tax until its payment." In seeking an interpretation of that sentence we must read the language quoted in connection with the remaining provisions contained in the section. Section 224 provides: " If such legacy * * * be not in money, he (the executor) shall collect the tax thereon upon the appraisal value thereof from the person entitled thereto." Under the fourth clause of the will of Mr. Smith the devise and bequest to plaintiff was the house and lot on West Seventy-second street, New York, real estate and contents of dwelling house thereon in Kingston, Ulster county. That legacy clearly was

one " not in money." In the sentence quoted from
section 224 will be found the words " thereon " and
" thereto " and " thereof " to which effect must be given.
The executor is required to collect the tax *thereon* upon
the appraisal value *thereof*, that is to collect the tax on
the same — the tax on that particular legacy which was
one " not in money." The amount of the tax the executor
is required to collect *thereon* is determinable by the
appraised value " *thereof*," not the appraised value of all
property passing under the will to one beneficiary but
the value " thereof, " to wit, of the bequest " not in
money." Had the plaintiff paid to the executor the tax
on that particular legacy upon the appraised value
*thereof* the personal liability of the beneficiary and the
executor for that amount of the tax would have terminated
save as to the duty of the executor to pay over the tax
to the proper officer. To construe the clause of the
section and determine that the inheritance tax upon the
legacy to plaintiff of $200,000, under a separate clause
of the will is a lien upon a legacy " not in money " upon
which the executor has collected the tax would require
us to ignore the specific language of the statute and
read into the same a clause extending such lien in direct
conflict with the expressed words of the law and impose
upon a beneficiary an injustice not contemplated by the
legislature.

As to the separate legacy of $200,000, the statute
requires the executor to deduct the tax " *therefrom*,"
that is, from such legacy. The executor is not directed
to deduct from that money legacy the tax on the legacy
" not in money." The legacy for $200,000 was in
charge of the executor. He was personally liable as was
the beneficiary for the payment of the inheritance tax
thereon. The executor being required to deduct the
amount of the tax from such legacy, the state was amply
protected from loss of the tax payable on that legacy

as in the case of the legacy " not in money." Had it been the intention of the legislature to extend the lien as determined below it would not have prescribed different methods for the collection of a tax upon separate classes of bequests, but would have made clear its intention in unmistakable language. This conclusion is fortified by a further provision of the statute. " He (the executor) shall not deliver or be compelled to deliver any specific legacy or property subject to tax under this article to any person until he shall have collected the tax thereon." As will be observed, we find repeated the words *" the tax thereon "* which under the application heretofore made should be construed as the tax on that particular specific legacy. The fair implication under the sentence quoted, is that upon payment of the tax upon a specific legacy the beneficiary is entitled to the possession of the money or property specifically bequeathed, and in the event of a refusal of the executor to deliver the same, he may be compelled to do so. Under the decision of the Appellate Division in this case a specific legacy though the tax thereon had been paid would continue burdened by a lien for all other taxes assessed against the beneficiary. I do not concur in such interpretation of the statute. Under section 224 of the statute the basis of the tax is not upon the gross amount of several bequests to one individual, but rather upon the appraised value of the separate interests into which the estate is divided, and the lien imposed is limited to such separate interest. The method of computation of the tax for determining exemptions and rate of tax does not interfere with such interpretation. Under the statute the entire estate must be appraised. Such appraisal discloses the value of the entire estate as well as of each item of property bequeathed; therefore, apprehension of difficulty in application of the rule stated is not more likely to arise than would exist in case of renunciation of one of

several legacies to a beneficiary made subsequent to an appraisal.

The conclusion of the Appellate Division that the collateral inheritance tax upon the property other than the premises on West Seventy-second street, received by plaintiff under the will of her deceased husband representing actual value of upwards of $220,000 constituted a lien upon the West Seventy-second street premises, is in conflict with our construction of the law. While we are at variance with the decision of the Appellate Division in a construction of the statute and in the absence of an opinion in that court might have affirmed the judgment without opinion, the statement made by counsel that the opinion below was the first determination made upon the question presented, necessitates pronouncement of our views of the statute for the guidance of officers charged with enforcement of the law as well as beneficiaries by will or under the intestate laws.

We conclude, however, that the judgment should be affirmed. The Transfer Tax Law requires an appraisal of the property of a deceased as of the date of death and a determination of the amount of the tax payable thereunder. Such appraisal and determination might have been made at any time subsequent to the probate of the will January 4th, 1914, and even before claims against the estate had been ascertained. Until an appraisal was made no record existed disclosing the value of the property on West Seventy-second street for the purpose of determining the amount of any of the tax thereon. Upwards of four months elapsed between the probate of the will and the due day under the contract of sale and purchase and practically one month elapsed between the date of the contract and the due day. The plaintiff had two remedies, *first* to secure an appraisal of the estate. Had such appraisal and the determination thereon been made and the fact appeared as it subsequently did, that the

premises were not chargeable with a tax, then under our construction of the statute the non-payment of the inheritance tax upon other legacies would not be a sufficient excuse for a failure on part of defendant to complete the contract. *Second.* The officers charged with collection of the transfer tax, for the convenience of beneficiaries and by courtesy to be commended, have for many years within proper limitations executed consents and releases of property both real and personal pending an appraisal of an estate. Plaintiff, however, did not have recourse to the remedies open to her. The appraisal was not commenced until June 4th, 1914. The report of the appraisers is dated January 20th, 1915, and was confirmed on the same day, some six months subsequent to the commencement of this action. The defendant had no means of ascertaining how much or how little tax was chargeable on the premises. He was entitled to receive a marketable title to the premises free from any transfer tax and was not required under the terms of his contract with plaintiff to speculate with reference to the same. In the exercise of reasonable care plaintiff could no doubt have given a marketable title to the premises on the due day. Her failure in that respect cannot be attributed to defendant, and the loss sustained if any must be borne by her. For that reason the judgment should be affirmed, with costs.

HISCOCK, Ch. J., CHASE, COLLIN, CUDDEBACK and CRANE, JJ., concur; McLAUGHLIN, J., not sitting.

Judgment affirmed.