Midurban Realty Corporation, Respondent, v. F. Dee and L. Realty Corporation, Appellant.

Appeal from a judgment of the Supreme Court, entered in the New York county clerk's office on July 1, 1926, upon the decision of the court after trial at the New York Special Term, as resettled by an order dated July 7, 1926.

Judgment affirmed, with costs. No opinion. Present — Finch, Merrell, McAvoy, O'Malley and Proskauer, JJ.; Proskauer, J., dissents.

Proskauer, J. (dissenting). The real property, title to which is here in question, was not specifically devised, but was a part of the general estate of Emily

A. Watson. The transfer tax is not a lien upon such real estate, but only upon the proceeds of such real estate in the hands of her executors when sold pursuant to the power of sale contained in the 11th paragraph of the will. To hold otherwise would be seriously to impair the ability of executors to liquidate and settle the affairs of an estate. Under *Brown* v. *Lawrence Park Realty Co.* (133 App. Div. 753) and *Smith* v. *Browning* (225 N. Y. 358) this transfer tax did not constitute a lien upon the real estate itself. It would be otherwise if, as in *Smith* v. *Browning*, the property were specifically devised. For these reasons I vote for reversal.