John P. Kraebel, Individually and for and on Behalf of Ogden Investment Company, a New Jersey Corporation Now Dissolved, and Ogden Investment Company, a New Jersey Corporation, Claimants, *v.* The State of New York, Defendant. (Claim No. 18852.)

Court of Claims, June 3, 1930.

*Taylor, Blanc, Capron & Marsh* [*R. L. Bradford* of counsel], for the claimant.

*Hamilton Ward, Attorney-General* [*Frederick D. Colson, Deputy Assistant Attorney-General,* of counsel], for the State of New York.

Barrett, P. J.   The Ogden Investment Company, a New Jersey corporation, owned 100,000 shares of the common stock of the Kolster Radio Corporation.   By a written agreement dated July 23, 1928, an option to purchase 25,000 shares of this stock was granted to Leib, Keyston & Co. of San Francisco, and by said agreement authority was given Leib, Keyston & Co. to sell for the account of the Ogden Investment Company an additional 25,000 shares of stock at the prices specified in the agreement. By another agreement of September 11, 1928, another option was given to Leib, Keyston & Co. to purchase 50,000 additional shares of said stock.   In accordance with the terms of these agreements, the 100,000 shares of stock were deposited in escrow with the Guaranty Trust Company of New York for delivery under the terms of said agreements.   These shares so deposited were duly indorsed in blank for transfer and were accompanied on said deposit

with letters of instruction whereby the trust company was directed to make delivery of said stock according to the instructions of Leib, Keyston & Co. and upon payment of the prices set forth in the agreements, the money received thereby and paid to said Guaranty Trust Company to be deposited to the credit of the Ogden Investment Company. Fifteen thousand five hundred of said shares were transferred directly and the proper transfer tax stamps affixed. The remaining 84,500 shares were transferred into the name of John P. Kraebel, one of the claimants herein, and an employee of the Guaranty Trust Company, for the purpose of effecting delivery thereof under the terms of the agreements and new certificates for said stock were issued in the name of Kraebel. Subsequently, the 84,500 shares of said stock were delivered by Kraebel to the purchaser and stock transfer tax stamps were affixed to the certificates.

This claim is for the refund of said sum of $1,690, pursuant to section 280 of the Tax Law (added by Laws of 1910, chap. 186, as amd. by Laws of 1929, chap. 117). Claimants presented a claim for the refund of said sum, which claim was rejected, and this claim was filed within the time provided by the Tax Law.

Section 270 of the Tax Law (as amd. by Laws of 1928, chap. 740) directs the imposition of the tax on " all deliveries or transfers of shares or certificates of stock * * * whether investing the holder with the beneficial interest in or legal title to said stock or other certificates taxable hereunder, or merely with the possession or use thereof for any purpose, * * *."

Certificates of stock were issued to Kraebel. Presumably the old certificates were canceled. The legal title to said certificates of stock was, therefore, held by Kraebel. (*Bonbright* v. *State,* 165 App. Div. 640; *Travis* v. *Ann Arbor Company,* 180 id. 799; affd., 227 N. Y. 640.)

However, the two cases mentioned were decided before section 270 of the Tax Law was amended exempting from the tax " deliveries or transfers to a broker for sale," and claimants contend that the transfer to Kraebel was to a broker for sale within the meaning and intent of the section as amended. Concededly the transfer and issuance of the certificates to Kraebel were for convenience in making deliveries of the stock under the option agreements. Certain formalities of transfer and delivery by a corporation are claimed to be required by the rules of the New York Stock Exchange and the New York Stock Transfer Association. To obviate inconvenience and difficulty and in easily effectuating the transfer and delivery to the purchasers under the option agreements the certificates were issued to Kraebel to be transferred by him instead of

by the corporation. This arrangement was manifestly for the convenience and benefit of the owner of the stock. Authority to act in regard to the stock was specifically defined in the letter of instruction from the Ogden Investment Company to the Guaranty Trust Company and was stated to be " as escrow agent   *   *   * to make delivery of such deposited stock   *   *   * on payment of the option prices   *   *   *," and to deposit the moneys received to the account of the owner and advise the owner of the transfer. The transfer to Kraebel, of course, carried with it the same authority.

The general rule, in the construction of a special taxing statute, is that a doubt should be resolved in favor of the person chargeable with the tax. (*Smith* v. *Browning*, 225 N. Y. 358.)

But no such doubt exists here. The transfer to Kraebel was for purposes other than to a broker for sale. To repeat, it was in escrow for the convenience and benefit of the owner, to carry out the terms of the option agreements without complying with rules of transfer and delivery thought to be too rigid and difficult. It would be stretching too far the meaning of said section to call such a transaction merely a transfer to a broker for sale. In my judgment, as Kraebel held the legal title to the stock, the tax was properly imposed. It was a taxable transfer. The law, I think, is plain. As HOWARD, J., said in *Bonbright* v. *State* (*supra*): " This is the direct letter of law and I see no reason why the courts should attempt to twist an opposite meaning out of it."

The claim should be dismissed.

An order in accordance herewith may be submitted by the Attorney-General.

POTTER, J., concurs.