THE ROCKEFELLER FOUNDATION, Successor by Consolidation to THE LAURA SPELMAN ROCKEFELLER MEMORIAL and THE ROCKEFELLER FOUNDATION, Claimant, *v.* THE STATE OF NEW YORK, Defendant.

(Claim No. 22191).

Court of Claims, July 13, 1932.

*Milbank, Tweed, Hope & Webb,* for the claimant.

*John J. Bennett, Jr., Attorney-General [James H. Glavin, Deputy Assistant Attorney-General,* of counsel], for the defendant.

PARSONS, J.  This claim arises by reason of the filing in this court of an agreed statement of facts under the provisions of section 546 of the Civil Practice Act.  Therefore, there is no controversy as to any of the facts.  They are all agreed to, the said agreed statement having been signed by Milbank, Tweed, Hope & Webb, attorneys for claimant, and by John J. Bennett, Jr., Attorney-General.

The claim is for $490, the value of certain stamps affixed under protest to certain shares of stock involved in the consolidation of two membership corporations duly incorporated for like purposes and interest on the said sum from the 11th day of November, 1931.

The Rockefeller Foundation, a membership corporation created by chapter 488 of the Laws of 1913, and the Laura Spelman Rockefeller Memorial, a membership corporation incorporated under article II of the Membership Corporations Law, were consolidated under the provisions of sections 50 and 51 of article VII of the Membership Corporations Law of 1926, thereby creating the claimant, The Rockefeller Foundation.

At the time of the consolidation both corporations owned certain shares of stock in certain other corporations, the title of which, by virtue of the consolidation and pursuant to the provisions of sections 50 and 51 of the Membership Corporations Law,. became vested in the claimant.

The claimant was under protest required to attach the stamps before mentioned, it being held that such vesting of title in the claimant was a taxable transfer within the meaning of section 270 of the Tax Law.  With this conclusion, I cannot agree.

It is a well-settled principle of law that a statute imposing a tax is to be strictly construed in favor of the taxpayer and against the taxing power.  (*Smith* v. *Browning,* 225 N. Y. 358; *People* v. *Duffy-McInnerney,* 122 App. Div. 336; *Gould* v. *Gould,* 245 U. S. 151.)

The certificates of stock are in themselves only evidence of the

transfer of title. The title passes even if the certificates are never issued. It was not necessary to issue these certificates to pass title herein. The title had already passed " by operation of law." The consolidation had been perfected by order of the Supreme Court. The Supreme Court had decided the question of consolidation in favor of consolidation.

All of the necessary steps had been taken, and by virtue of the provisions of sections 50 and 51 of article VII of the Membership Corporations Law, the claimant, " by operation of law," had become vested with the title to the stock owned by the consolidating corporations. The issuance of new certificates was not a transfer but was only a step creating the evidence.

To my mind the transaction does not differ from the case of one dying intestate owning certificates of stock. The title thereto vests in the administrator " by operation of law." ( *Phelps-Stokes Estates* v. *Nixon*, 222 N. Y. 93, and cases therein cited; *White* v. *Huber Drug Co.*, 190 Mich. 212; 157 N. W. 60.)

I am, therefore, of the opinion that the transfer herein was " by operation of law " and was not taxable under section 270 of the Tax Law.

. There being no question of the protest by the claimant and the subsequent procedure of the claimant, it is entitled to a judgment for the value of the stamps, to wit, $490, and interest thereon from the 11th day of November, 1931.

Let judgment be entered accordingly