TERMINALS AND TRANSPORTATION CORPORATION, Claimant, *v.* THE STATE OF NEW YORK, Defendant.
(Claim No. 24854.)
Court of Claims, December 13, 1938.

*Dudley, Stowe & Sawyer* [*Horace C. Winch* of counsel], for the claimant.

*John J. Bennett, Jr., Attorney-General* [*Joseph I. Butler* and *John M. Dooley, Deputy Attorneys-General,* of counsel], for the defendant.

GIBBS, J.   This case arises from a claim for a refund of the sum of $1,050 which the claimant paid to the State Tax Commission, under protest, on August 29, 1936.

The claimant Terminals and Transportation Corporation (hereinafter referred to as the New Company) is a Delaware corporation, duly authorized to do business in New York State.  The claimant is the successor to the Terminals and Transportation Corporation of America, a Michigan corporation (hereinafter referred to as the

Old Company), which was reorganized under section 77B of the Federal Bankruptcy Act (U. S. Code, tit. 11, § 207), upon the approval of an involuntary petition for reorganization, July 25, 1934.

As part of the reorganization of the Old Company, the United States District Court for the Western District of New York approved a plan whereby the preferred stock in the New Company should be issued to five voting trustees who would issue voting trust certificates to the bondholders of the Old Company. This was done to keep the management of the New Company in experienced hands.

On June 10, 1935, one certificate for 35,000 shares of preferred stock in the New Company was issued to the voting trustees. That certificate represented the preferred stock of the New Company.

Upon this certificate for 35,000 shares the New York State Tax Commission, pursuant to sections 270 and 270-a of the Tax Law, required stock transfer tax stamps of the value of $1,050. The claimant sent a check to the State Tax Commission August 29, 1936, in payment for the stamps, and with it sent a letter of protest. On February 15, 1937, the Tax Commission denied the claimant's application for refund, declaring that the entire transaction constituted a taxable transfer.

The first principle to be recognized in dealing with a tax problem is that a tax statute is strictly construed against the taxing power. Volume 1 of McKinney's Consolidated Laws of New York, section 150, says: " When there is any serious doubt as to the construction which a taxing statute shall receive, such doubt is usually resolved in favor of the taxpayer. * * * Thus, special tax levies, such as * * * and the stock transfer tax, are deemed special burdens to which the citizens cannot be subjected without clear warrant of law." It is so held in *Smith* v. *Browning* (225 N. Y. 358, 363); *Travis* v. *American Cities Co.* (192 App. Div. 16), and *Gould* v. *Gould* (245 U. S. 151, 153).

It is recognized that a transfer " by operation of law " is not a taxable transfer under sections 270 and 270-a of the New York Tax Law. It is so held in *Electric Bond & Share Co.* v. *State* (249 App. Div. 371; affd., 274 N. Y. 625); *Phelps-Stokes Estates* v. *Nixon* (222 id. 93), and *Rockefeller Foundation* v. *State* (144 Misc. 460). A definition of " by operation of law " may be found in 1 Words and Phrases, page 934, which says that it means effected " by some positive legal rule or enactment."

In *Rockefeller Foundation* v. *State* (*supra*) the court held that title passed " by operation of law " because it was so ordered when

the Supreme Court ordered consolidation of two separate corporations. In the present case the United States District Court approved the reorganization plan and in so doing ordered the issuance of legal title to the trustees and beneficial interest to the bondholders, the transfer thus being effected "by operation of law." The plan was carried out in two steps, the trustees getting the stock and granting the beneficial interest to the bondholders, but the whole matter may still be properly regarded as a single transaction. In *Hudson & Manhattan R. R. v. State* (227 N. Y. 233) two steps were taken to effect one actual transfer. The State contended that there were two taxable transfers, but the court held that but one was necessary to accomplish the purpose of the plan; therefore, there was only one taxable transaction. The claimant in the case at bar was ordered to issue the 35,000 shares in two parts and the extra process of trustees receiving the beneficial interest only to pass it on to the bondholders did not constitute a separate and taxable transfer.

The State argues that at least a majority of the bondholders agreed to the plan of reorganization and, therefore, it was a transfer by their consent and not "by operation of law." With this we disagree. The proceedings were begun by an involuntary petition in bankruptcy, and the bondholders were forced either to object to taking the new stock and surrender their bonds at their appraised value or submit to the reorganization. A surrender of the bonds was a transfer "by operation of law." Why is it a taxable transaction when the bondholders take the other alternative that the court permitted and surrender their bonds under the court order for new stock rather than cash? The reorganization was forced upon the bondholders in question, and the plan approved by the court effected a transfer "by operation of law."

The State relies chiefly on the case of *United States Radiator Corp. v. New York* (208 N. Y. 144). In that case the plaintiff corporation purchased certain assets in each of four corporations. Under the contracts it was agreed that the four corporations receiving stock in the new corporation should have the stock put in a voting trust. Voting trust certificates were then issued to the stockholders in the four corporations, and the Court of Appeals held the transactions a taxable transfer. As this occurred prior to 1911, when a transfer of bare legal title to a trustee was not taxable, it is clear that the tax was on a virtual transfer of beneficial interest in the stock by the four vendor corporations to their stockholders.

The situation in the *United States Radiator Corp.* case differs from the present case in several respects. In that case all of the acts relating to the various transfers were voluntary, and not " by operation of law;" there was a voluntary sale of assets and issuance of stock in the plaintiff corporation to the four vendor corporations. They then held the beneficial interest therein, being entitled to the dividends and other benefits of the stock. The claimant's contention in that case, which the Court of Appeals rejected, was that the stockholders were the corporation and that, therefore, there was no subsequent transfer of beneficial interest by the corporations to their stockholders which was taxable. The present case differs in that this was an involuntary bankruptcy case; the New Company did not receive stock in the Old Company nor the Old Company in the New. One supplanted the other by court order. The New Company had no beneficial interest in the stock it issued; it was merely a conduit through which the reorganization scheme could be effected; all of the acts in the case at bar relating to the transfer of stock were involuntary, under court order, that is, " by operation of law."

If the issue of stock by the New Company were an original issue to the bondholders of the Old Company there would be no question about the fact that no tax would be due, for it is well established that sections 270 and 270-a of the Tax Law do not apply to an original issuance of stock by a corporation. (*People* v. *Duffy-McInerney Co.*, 193 N. Y. 636.)

The claimant is entitled to an award of $1,050 and interest from September 8, 1936.

ACKERSON, official referee acting as judge, concurs.