## KOPPERS COAL & TRANSPORTATION CO. v. UNITED STATES.

### No. 7076.

Circuit Court of Appeals, Third Circuit.

Nov. 15, 1939.

John E. McClure, of Washington, D. C., Thomas J. Michie, Jr., of Pittsburgh, Pa. (Charles D. Evans, of Pittsburgh, Pa., and David W. Richmond, of Washington, D. C., of counsel), for appellant.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, J. Louis Monarch, and John A. Gage, Sp. Assts. to Atty. Gen., for appellee.

Before BIGGS, MARIS, and CLARK, Circuit Judges.

BIGGS, Circuit Judge.

Koppers Coal & Transportation Company and Federal Coal and Coke Company, Delaware corporations, merged with C. C. B. Smokeless Coal Company, another Delaware corporation, pursuant to the provisions of Section 59, Rev.Code 1935, Section 2091, of the General Corporation Law of the State of Delaware. The agreement of consolidation or merger was filed in the office of the Secretary of State on June 30, 1934. The name of C. C. B. Smokeless Coal Company was then changed to Koppers Coal & Transportation Company and this corporation stands as the appellant in the case at bar.

Prior to the merger, Koppers Coal & Transportation Company owned certain shares of stock in five corporations. These shares were registered in the name of Koppers Coal & Transportation Company. After the merger, the appellant caused the certificates representing this stock to be delivered to the issuing corporations with instructions to have new certificates issued in the name of C. C. B. Smokeless Coal Company. Documentary internal revenue stamps in the amount of $6,525.64 were attached by the appellant to the surrendered certificates and these stamps were cancelled. Upon September 17, 1934, the appellant filed a claim for refund of the stamp taxes so paid upon the ground that these had been paid in error. This claim for refund was disallowed by the Commissioner and the suit at bar was brought pursuant to the provisions of Section 24 (20) of the Judicial Code, as amended, 28 U.S.C.A. § 41(20).

The court below ordered judgment to be entered against the appellant and in favor of the United States. The appeal at bar is from this judgment.

The question presented for our determination is whether the transfer of the stock from Koppers Coal & Transportation Company, the constituent corporation, to the resultant corporation, C. C. B. Smokeless Coal Company, was taxable under Section 800 Schedule A(3) of the Revenue Act of 1926, c. 27, 44 Stat. 9, 99, 101, as amended by Section 723 of the Revenue Act of 1932, c. 209, 47 Stat. 169, 272, 26 U.S.C.A. § 900 and note.

Section 800 provides for the levying of a tax of 4 cents as· set forth in Schedule A(3), "On all sales, * * * deliveries of, or transfers of legal title to * * * shares or certificates * * *, on each $100 of par or face value or fraction thereof * * * *".

Article 34(r) of Treasury Regulations 71 (1932 Edition) gives an example of transactions subject to this tax as follows, "Upon a merger, the transfer of stock owned by a corporation which is merged into another corporation from the name of the first to the name of the second corporation, such a transfer being effected by the act of the parties and not wholly by operation of law."

The appellant contends that Koppers Coal & Transportation Company, the constituent company, was not dissolved as a result of its merger with the C. C. B. Smokeless Coal Company, continuing its existence as a constituent part of the resultant corporation; that the stock was not transferred to the resultant corporation because under the law of Delaware the resultant corporation is a kind of corporate confederation composed of its several constituent corporations and because the Legislature of Delaware did not provide that the assets of the constituent corporations should be "transferred to" the resultant corporation, and that therefore the underlying assets of the constituent corporations are taken up into the resultant corporation precisely as specks of dust floating in drops of water are taken up into a single merged drop.

Section 60 (Rev.Code 1935, § 2092) of the Corporation Law of Delaware provides that when an agreement of consolidation or merger shall have been signed,

acknowledged, filed and recorded, as required by Section 59, " * * * the separate existence of all the constituent corporations, * * * shall cease and the constituent corporations shall become a new corporation, or be merged into one of such corporations, as the case may be, * * *, and all property, real, personal and mixed, * * * belonging to each of such corporations shall be vested in the corporation resulting from or surviving such consolidation or merger; * * *."

The theory advanced by the appellant is metaphysical and one which is set at rest by an examination of the language employed in Section 60 providing that property of the constituent corporations shall be vested in the resultant corporation. In short, the underlying property of the constituent corporations is transferred to the resultant corporation upon the carrying out of the consolidation or merger as provided by Section 59.

Such a transfer of title is within the express language of Schedule A(3) of Section 800 and is precisely the example given in Article 34(r) of Treasury Regulations 71. The transfer of the stock from Koppers Coal & Transportation Company to C. C. B. Smokeless Coal Company was not "wholly by operation of law" since the voluntary act and participation of the constituent companies was required in order to effect the merger or consolidation.

In Raybestos-Manhattan, Inc., v. United States, 296 U.S. 60, 62, 56 S.Ct. 63, 64, 80 L.Ed. 44, 102 A.L.R. 111, Mr. Justice Stone used the following words which are apposite to the case at bar, "The stock transfer tax is a revenue measure exclusively. Its language discloses the general purpose to tax every transaction whereby the right to be or become a shareholder of a corporation or to receive any certificate of any interest in its property is surrendered by one and vested in another." Upon the consolidation or merger the right of Koppers Coal & Coke Corporation to be a shareholder of the five designated corporations ceased. Its interest in the stock was surrendered by voluntary act and the right and interest in the stocks vested in C. C. B. Smokeless Coal Company in accordance with the law of Delaware.

In our opinion Treasury Regulations 71 correctly interprets the statute and since the regulation has been in force long prior to the occurrence of the transactions in the case at bar it must be deemed to govern them with the effect of law. United States v. Alabama Great Southern Railroad Co., 142 U.S. 615, 12 S.Ct. 306, 35 L.Ed. 1134; United States v. Johnston, 124 U.S. 236, 8 S.Ct. 446, 31 L.Ed. 389; Brown v. United States, 113 U.S. 568, 5 S.Ct. 648, 28 L.Ed. 1079. Though Section 270 (Consolidated Laws of New York, Annotated, Book 59, Section 270 [Consol.Laws, c. 60]) of the Tax Law of New York is very similar to the statute sub judice and the courts of New York have determined the question presented here favorably to the taxpayer, Electric Bond & Share Co. v. State, 249 App.Div. 371, 293 N.Y.S. 175, and Rockefeller Foundation v. State, 144 Misc. 460, 258 N.Y.S. 812, it may not be contended that the law of the State of New York determines the application of a federal statute. Burnet v. Harmel, 287 U.S. 103, 53 S.Ct. 74, 77 L.Ed. 199.

Accordingly the judgment of the court below is affirmed.