**NIAGARA HUDSON POWER CORPORATION v. HOEY, Collector of Internal Revenue.**

**No. 160.**

Circuit Court of Appeals, Second Circuit.

Feb. 3, 1941.

Horace R. Lamb, of New York City (Le Boeuf, Machold & Lamb and, Craigh Leonard, all of New York City, on the brief), for plaintiff-appellant.

Samuel Brodsky, Asst. U. S. Atty., of New York City (John T. Cahill, U. S. Atty., of New York City, on the brief),. for defendant-appellee.

Before SWAN, CHASE, and CLARK, Circuit Judges.

CLARK, Circuit Judge.

The question here presented is whether or not a corporation resulting from a consolidation of two existing corporations under § 86 of the New York Stock Corporation Law, Consol.Laws, c. 59, is liable for the federal documentary stamp tax levied by Section 800, Schedule A-3, of Title VIII of the Revenue Act of 1926, c. 27, 44 Stat. 9, 99, 101, as amended by Section 723(a) of the Revenue Act of 1932, c. 209, 47 Stat. 169, 272, 26 U.S.C. A. Int.Rev.Acts, page 290, in respect of stocks received by it from the constituent corporations.

Section 800, Schedule A-3, imposes the tax on "all sales, or agreements to sell, or memoranda of sales or deliveries of, or transfers of legal title to any * * * shares or certificates." U.S.Treas.Reg. 71 (1932 Ed.) Art. 35(r), however, declares transfers "which result wholly by operation of law," i. e., "those which the law itself will effect without any voluntary act of the parties," not to be subject to the tax.

This consolidation took place February 1, 1937, upon the filing with the Secretary of State of a certificate of consolidation signed by two officers of each of the two constituent corporations, so authorized by a two-thirds majority of the stockholders of each of the constituents, voting at meetings called for the purpose by their respective boards of directors. See § 86, New York Stock Corporation Law. Thereupon the ownership of certain stocks, until then in the constituents, became vested in the plaintiff, and on October 21, 1938, plaintiff paid a tax of $260,969.04 in respect thereof, which it has thus far unsuccessfully sought to have refunded.

■ We think that the opinion of the District Court (34 F.Supp. 302) clearly and adequately answers the contention that this transfer should be exempt under U.S.Treas.Reg. 71, Art. 35(r), as having resulted "wholly by operation of law." Indeed, this court more lately has rejected the same contention, for similar reasons, in Weil v. United States, 2 Cir., 115 F.2d 999, where the transfer of bonds to trustees from the Mortgage Commission of the State of New York was authorized by the affirmative vote of the proper majority of certificate holders. A transfer by a New Jersey consolidation has been held taxable in spite of this objection (Raybestos-Manhattan, Inc. v. United States, 296 U.S. 60, 56 S.Ct. 63, 80 L.Ed. 44, 102 A.L.R. 111), and also a transfer by a Delaware merger (Koppers Coal & Transportation Co. v. United States, 3 Cir., 107 F.2d 706). Nor can these cases be distinguished as to the voluntary nature of the transfer, since the consolidation of plaintiff's constituents was brought about by the resolutions of their directors and votes of their stockholders. In United States v. Merchants Nat. Trust & Savings Bank, 9 Cir., 101 F.2d 399, the court held that, where a bank sold its trust department to another bank, no stamp taxes were required upon the transfer of the individual trust securities to the new bank as successor trustee; but, as we said in the Weil case, whatever may be said as to that decision on its facts, the record here shows that this transfer was not wholly by operation of law.

■ Decisions of the state courts holding similar transfers not subject to a state documentary stamp tax because resulting "by operation of law" (Electric Bond & Share Co. v. State of New York,

249 App.Div. 371, 293 N.Y.S. 175, affirmed 274 N.Y. 625, 10 N.E.2d 583; Rockefeller Foundation v. State of New York, 144 Misc. 460, 258 N.Y.S. 812) may be of persuasive value, but cannot be determinative as to what is a transfer under federal law. Burnet v. Harmel, 287 U.S. 103, 53 S.Ct. 74, 77 L.Ed. 199; Lyeth v Hoey, 305 U.S. 188, 59 S.Ct. 155, 83 L.Ed. 119, 119 A.L.R. 410; Weil v. United States, supra.

■ Plaintiff seeks to avoid the tax not only under the exemption of Art. 35 (r), but also on the ground that no transfer occurred at all, so that the scope of Section 800 is not extended to this situation. For the purpose of this argument, plaintiff makes a highly formalistic and arbitrary analysis of the consolidation to the effect that the constituent corporations' stockholders voted merely for a consolidation, and that New York Stock Corporation Law, § 89, operated of itself to "vest" the property of the constituents in the plaintiff, not to "transfer" it. Indeed, it is said, a transfer is inconceivable, for there were no instruments of transfer, nor was there any moment of time at which a transferor and a transferee were co-existent. But in legal jargon a change of ownership, terminating rights and other relations in one entity and creating them in another, is the essence of "transfer," 29 Yale L.J. 91, 93, 429, 29 Harv.L.Rev. 816, 817; and the Weil, Raybestos-Manhattan, and Koppers Coal cases all presuppose it to be so without regard to these suggested difficulties. In fact, Welch v. Kerckhoff, 9 Cir., 84 F.2d 295, 106 A.L.R. 1434, held a bequest of stock to be a transfer subject to this tax. Section 89 itself declares that on the filing of the certificate, property shall be deemed "to be transferred to and vested in such consolidated corporation, without further act or deed."

■ There is no reason why the language of the federal act should be restricted to an unusual meaning. A consolidation is more than a change of form; it definitely changes stockholders' interests in a business, often most extensively, and more than does a merger (as under New York Stock Corporation Law, § 85), which is given as an example of a transfer subject to the tax in U.S.Treas.Reg. 71, Art. 34(r). Further, unless the taxing statute clearly requires it, formal differences in state laws relating to consol-

idations and mergers should not be made the basis of discrimination in the assessment of federal taxes.

Affirmed.