Memorandum.
The order of the Appellate Division should be affirmed, with costs. The recording of change, through New York transfer agents, of ownership of investment shares of stock held in other corporations, following the merger of two Massachusetts corporations, was subject to the stock transfer tax (Tax Law, § 270, subd. 1; 20 NYCRR 440.1 [b]). True, it was held in Electric Bond & Share Co. v. State of New York (249 App. Div. 371, 373, affd. 274 N. Y. 625) that a similar change in record title was not taxable because it occurred ‘ ‘ by operation of law”. Thereafter, however, section 270-c of the Tax Law was enacted. That statute provides that a transfer is not exempt from tax because effected by operation of law. Moreover, the change of ownership was not merely the result of ‘ ‘ operation of law ’ ’, since the merger was effected by the voluntary action of the participating corporations and shareholders (see 1930 Opns. Atty. Gen. 166, 167; Niagara Hudson Power Corp. v. Hoey, 117 F. 2d 414, 416 [CCA2], cert. den. 313 U. S. 571; Koppers Coal & Transp. Co. v. United States, 107 F. 2d 706, 708 [CCA3]).
Chief Judge Fuld and Judges Burke, Breitel, Jasen, Gabrielli, Jones and Wachtler concur.
Order affirmed, with costs, in a memorandum,