Louis Gr. Bbuhn, J.
This is an article 78 proceeding seeking judgment vacating and setting aside “ the Stock Transfer Tax Assessment No. 170 rendered under Article 12 of the Tax Law on July 13, 1964, and the decision of the Commission dated January 17, 1973, and for such other and further relief as may be just, proper and equitable.”
The solution to the relief sought will be found in the answer to the question of whether or not a merger of a foreign corporation into a New York corporation is a transaction taxable under section 270 of the Stock Transfer Tax Law (Tax Law, art. 12) and whether the withdrawal of an exemption for transfers by operation of law contained in section 270-c of such law provides either a statutory basis or a policy justification for imposing such a tax.
The State Tax Commission contends that the taxable transfer occurred when, by the prior approval of the stockholders and directors of the two corporations, the property of Crown Cork International Corporation, a Delaware corporation, became the property of Crown Cork & Seal Company, Inc., the New York corporation, by the filing of the certificate of merger and consolidation with the Secretary of State of the State of New York, pursuant to the then section 91 of the Stock Corporation Law.
Subdivision 9 thereof provided: ‘ ‘ The consolidation authorized by the provisions of this section shall become effective for all purposes of the laws of this state upon filing in the office of the secretary of state the certificate and accompanying documents specified in this section.” (Italics supplied.)
The State Tax Commission further contends that section 89 of the Stock Corporation Law in effect at the time of the filing of the merger further sustains its position since it provided that *804 “ upon the filing of such certificate of consolidation in the office of the secretary of state all the rights, privileges, franchises and interests of each of the constituent corporations, and all the property, real, personal and mixed * # * shall be taken and deemed to be transferred to and vested in such consolidated corporation, without further act or deed ”.
The petitioner takes the position that because a foreign corporation is involved in the merger it does not constitute a transaction taxable under section 270.
The petitioner’s claim was considerably diluted if not completely evaporated by the recent case of Matter of Monarch Life Ins. Co. v. State Tax Comm. (39 A D 2d 31, affd. 32 N Y 2d 850).
In the Appellate Division (p. 33), the court stated, inter alia, in a case involving two foreign corporations with New York transfer agents and not a foreign and domestic corporation:
“ Therefore, the transfer of the record ownership of the stock in New York not only was necessary to effectuate or render complete the transfer of title to the stock but actually passed the 1 legal title ’ to the stock. Accordingly, the respondent properly determined that a stock transfer tax was payable.
“ Petitioner’s argument that the respondent’s position is violative of the constitutional mandate that each State must give full faith and credit to the laws of its sister States is without merit. The respondent’s position does not, as petitioner contends, ignore Massachusetts law with respect to mergers. Rather, the respondent’s position is that, even though under Massachusetts law the merger vested petitioner with the title to the securities involved by operation of law, there was a taxable transfer of title in this State (see People ex rel. Hatch v. Reardon, 184 N. Y. 431, 448).” (Italics supplied.)
In the Court of Appeals the court stated (p. 851): “ The order of the Appellate Division should be affirmed, with costs. The recording of change, through New York transfer agents, of ownership of investment shares of stock held im other corporations, following the merger of two Massachusetts corporations, was subject to the stock transfer tax (Tax Law, § 270, subd. 1; 20 NYCRR 440.1 [b]). True, it was held in Electric Bond & Share Co. v. State of New York (249 App. Div. 371, 373, affd. 274 N. Y. 625) that a similar change in record title was not taxable because it occurred ‘ by operation of law ’. Thereafter, however, section 270-c of the Tax Law was enacted. That statute provides that a transfer is not exempt from tax because effected by operation of law. Moreover, the change of ownership was not merely the result ,of 1 operation ¡of law ’, since the *805 merger was effected by the voluntary action of the participating corporations and shareholders (see 1930 Opns. Atty. Gen. 166, 167; Niagara Hudson Power Corp. v. Hoey, 117 F. 2d 414, 416 [CCA2], cert. den. 313 U. S. 571; Koppers Coal & Transp. Co. v. United States, 107 F. 2d 706, 708 [CCA3]).” (Italics supplied.)
In the light of such authority, the application must be denied, the decision of the State Tax Commission confirmed and the petition dismissed.